## HANLON v. INGRAM.

</div>

It is the duty of a person setting out fire, to use care, caution, diligence and effort, to prevent injury to others, and if he is guilty of any negligence, he will be liable for any injury resulting from the fire.

<div align="center">

*Appeal from the Polk District Court.*

</div>

THIS suit was brought by Hanlon against Ingram, for injuries resulting to the plaintiff's property from the act of the

Hanlon v. Ingram.

defendant in setting out fire and permitting the same to es-
cape, and pass on to the premises of the plaintiff, and there
burn up a large amount of rails and other fencing, of the
value of five hundred dollars.   The defendant answered, ad-
mitting that he set out the fire on his own premises, and that
it did escape and run on to the plaintiff's premises as
charged; but denying that such fire escaped by reason of
negligence or carelessness on his part, and averring that he
did all in his power to prevent such escape.   To this, there
was a replication, denying all the allegations of the answer,
inconsistent with the petition.   On the trial, at the request
of the defendant, the court instructed the jury, " that the
plaintiff, before he can recover, must prove that the defend-
ant was guilty of gross negligence in setting out the fire, or
permitting it to escape,"—to which instruction the plaintiff
excepted.   A verdict was returned for the defendant.   The
plaintiff moved for a new trial, on the ground of misdirec-
tion of the jury, which was overruled, exceptions taken, and
judgment rendered for the defendant.   The plaintiff appeals,
and now here assigns for error, the giving of the foregoing
instruction.

*Bates & Finch,* for appellant.

*J. E. Jewett,* for appellee.

HARVARD LAW SCHOOL LIBRARY.

WRIGHT, C. J.—The error assigned and relied upon here,
is the giving the instruction above set forth.   And this in-
volves the question whether the defendant was liable, unless
he was guilty of gross negligence in setting out said fire, and
permitting the same to escape.   To determine this, it is not
necessary to discuss the question, whether the plaintiff should
prove negligence on the part of defendant, in the first instance,
in order to recover; or whether, having established the set-
ting out the fire, the escape of the same, and the injury re-
sulting, it was not then the duty of the defendant to nega-
tive the negligence, that, in the absence of proof, might other-
wise be presumed.   We say it is not necessary, because the
doctrine here announced is, that plaintiff must not only

prove negligence, but *gross* negligence, before he could recover. This, we think, was clearly erroneous. Granting that defendant had a right to set out this fire—that there was no positive wrong in that act—yet it was his duty to have so set it out, and controlled the same, as not to permit injury to the property of his neighbor. And, to say that he would not be liable for injuries resulting, unless he was guilty of gross negligence, would be to protect carelessness and negligence, and to place the property of every citizen at the mercy of the thoughtless, and even vicious. If the act of defendant was illegal, then he is responsible for all consequences resulting therefrom, however much care he may have exercised. If it was legal and permissible, then it was his duty, to use his best efforts, and all reasonable diligence, to prevent the injury. In setting it out, in any event, it was his duty to have used all reasonable precaution to prevent injurious results. After it was set out, even under prudential circumstances, it was still incumbent on him to prevent its escape, by all reasonable efforts. Unless he did so act with proper caution, he would be liable for the consequences. And it so being his duty to use care, caution, diligence and effort, to prevent injury, it follows, that if he was guilty of negligence, he would be liable, to say nothing of gross negligence. On this subject see *Barton* v. *McClelland*, 2 Scam. 434; *Johnson* v. *Barber*, 5 Gillman, 425; *De France* v. *Spencer*, 2 G. Greene, 462; *Beers* v. *The Housatonic R. R. Co.*, 19 Conn. 566.

Would he not be liable in the absence of any negligence, *quere?*

<div align="right">Judgment reversed.</div>