## HANLON *v.* INGRAM.

A person setting out fire on his own premises, who uses such care and diligence to prevent it from spreading, as a man of ordinary caution would employ to prevent it from injuring his own property, is not liable for the damage which it may do to the premises or property of others.

*De France* v. *Spencer*, 2 G. Greene, 462, cited and followed.

### *Appeal from the Polk District Court.*

THIS was an action to recover damages resulting to plaintiff, from the act of defendant in setting out fire, and permitting the same to escape, and pass on to the plaintiff's premises, and burn up a large amount of rails and other property. The defendant admits, that he did set out said fire, and that it escaped from his own premises on to those of plaintiff, but denies that it was through any carelessness or negligence on his part; and avers that he did all that was in his power to prevent said escape. On the trial, the plaintiff asked the court to instruct the jury as follows: "That if the jury are satisfied from the evidence, that the defendant set out fire upon his own land, and it passed from the defendant's land on to the plaintiff's land, and his property was burned up

and destroyed, the defendant is liable to pay the damages thus inflicted;" which instruction was refused, and plaintiff excepted. Verdict and judgment for defendant, and plaintiff appeals.

*Curtis Bates*, for the appellant.

*J. E. Jewett*, for the appellee.

WRIGHT, C. J.—This case was before us at the last June term of this court. Then it appeared that the District Court had instructed the jury, that plaintiff could not recover, without proving that defendant was guilty of *gross* negligence in setting out said fire, or permitting it to escape. This instruction was held to be erroneous, and the cause remanded for a new trial. It now appears from the foregoing instruction, that plaintiff claimed that defendant was liable, if he set out the fire, without reference to the question of negligence, or however much care, or caution, he might have taken in setting it out, or in preventing its escape.

If this was an open question in this state, we should have some hesitation in saying, that the refusal to give this instruction was correct. In *De France* v. *Spencer*, 2 G. Greene, 462, however, this very question was before the court, and the giving of a similar instruction held to be erroneous. In that case, the court below instructed the jury, that, " he who voluntarily sets out fire on his own land, is responsible for the damages done by its spreading upon the lands of others, even though he uses due diligence to restrain it." In considering this instruction, KINNEY, J., in delivering the opinion, says: " But where, from good motives, and under prudential circumstances, a person sets fire to his prairie, or woods, and uses such care and diligence to prevent it from spreading, as a man of ordinary caution would use to prevent it from injuring his own property, he is not liable for the damage which it may do to the premises or property of others. Ordinary prudence and honest motives in setting out the fire, and due diligence in preventing it from spreading,

are all that is necessary, and will constitute a good defence to an action for damages." This case is a decision of the question before us. There are several authorities sustaining the same view. In addition to those cited in this case, see *Panton* v. *Holland*, 17 Johns. 92; *Platt* v. *Johnson & Root*, 15 Johns. 213; *Thurston* v. *Hancock*, 12 Mass. 220; *Harding* v. *Fahey*, 1 G. Greene, 377; *Livingston* v. *Adams et al.*, 8 Cowen, 175. Others, again, hold the contrary doctrine, and sustain, either partially or entirely, the instructions asked by the plaintiff. *Johnson* v. *Barber*, 5 Gilm. 425; *Burton* v. *McClellan*, 2 Scam. 434; *Stout* v. *McAdams*, 2 Ib. 67.

It will thus be seen, that the courts of other states differ on the question involved, and under such circumstances, we follow the ruling heretofore made in our own courts. As a question of expediency or policy, it may well be doubted, whether the contrary rule would not give greater security to property, and more effectually guard the rights of premises injured, from fire, set out by others, and other acts lawful in themselves, but which reasonably may, and in too many instances do, result in such calamitous consequences. But, we suppose that in the case of *De France* v. *Spencer, supra*, the court had regard to the topography of our state —the fact that the setting out of fire was necessary, very frequently, in order to properly open farms and carry them on, and that such right had been recognized by legislation, from the earliest days of our territorial existence. All these, and other considerations, were eminently proper to be weighed, and no doubt had their appropriate influence. In view of these circumstances, therefore, we adhere to the ruling there made, and hold that the instruction asked was properly refused.

In view of the frequent instances of heavy losses from fire, so set out, we will add one other thought before closing this opinion. Each case must stand to a great extent upon its own circumstances. The liability depends upon a question of care and diligence, or negligence and want of care. Whether there was such care or caution as should excuse, or such negligence as fixes the liability, is a question of fact

for the jury—the measure of negligence, or diligence, first being defined by the court. In all cases, jurors cannot be too careful in requiring defendants to use strict caution, and great diligence, in setting out their fires, and preventing their escape. All of the circumstances should be carefully weighed, and, unless they disclose, with reasonable certainty, that in setting out the fire, and preventing its escape, the defendant has not used those precautionary measures, or made use of those measures which, as a prudent and cautious man, he would with reference to his own property, they should hold him liable.

Judgment affirmed.