## JACOBS v. ANDREWS.

Where a party willfully, carelessly, or negligently sets out fire, and it escapes into, and consumes another's property, he is liable for the damages resulting from his act; and it is not necessary, in order to fix his liability, that the act should have been done, with intent to injure the party complaining.

Where in an action for setting out fire, by which the plaintiff's property was injured, the court instructed the jury as follows: " That although the jury should conclude, from the testimony, that defendant set out the fire in question, yet, unless they believe that he set out the same, willfully, carelessly, and negligently, *and with intent* to injure the plaintiff, the defendant is not liable;" *Held,* That the instruction was erroneous.

*Appeal from the Henry District Court.*

THE petition in this cause charges that the defendant, willfully and negligently, and without proper care and caution, intending and contriving to injure the plaintiff, set fire to the grass and herbage on defendant's land adjoining that of plaintiff, and negligently allowed the fire to spread, and pass to the premises of plaintiff, whereby the property of plaintiff of great value, was destroyed and burned. On the trial, the court instructed the jury as follows : " That although the jury should conclude from the testimony, that the defendant set out the fire in question, yet, unless they believe that he set out the same, willfully, carelessly and negligently, and with intent to injure the plaintiff, he is not liable." To the giving of this instruction, plaintiff excepted. There was a verdict and judgment for the defendant, and plaintiff appeals.

*J. C. Hall*, for the appellant.

No appearance for the appellee.

STOCKTON, J.—The question involved in the present cause, has been before this court in various forms, and the principle that fixes the liability of the defendant, has been several times decided. In the case of *Defrance* v. *Spencer*, 2

Jacobs v. Andrews.

G. Green, 462, it was held, that when from good motives, and under prudential circumstances, a person sets out fire, and uses such care and diligence to prevent it from spreading, as a man of ordinary caution would use to prevent it from injuring his own property, he is not liable for the damage it may do to the property of others.

In *Hanlon* v. *Ingram*, 1 Iowa, 108, it was held, that granting the party the right to set out the fire, it was his duty so to set it out and control it, that it shall not injure the property of his neighbor. He must use his best efforts, and all reasonable diligence, to prevent any injury. Even if set out under prudential circumstances, it is still incumbent on him to guard against its spreading to his neighbor's premises, by all reasonable efforts. Such being his duty, if he is guilty of negligence, he is liable for the consequences. The same case was again before this court, at the June term, 1856, at which time the decision in *Defrance* v. *Spencer*, was adhered to. The court say, (3 Iowa, 84,) that if the circumstances disclose with reasonable certainty, that in setting out the fire and preventing its escape, the defendant has not used those precautionary measures, which a prudent and cautious man would use with reference to his own property, they should hold him liable.

The principles governing the causes above cited, are decisive of the *only* question arising in the present one. The instruction was obviously erroneous. If the defendant willfully, carelessly or negligently set out fire, and it escaped into and consumed the plaintiff's property, he is liable for the damages resulting from his act. It is not necessary in order to fix his liability, that the act should have been done with intent to injure the plaintiff.

Judgment reversed.