Conn v. May.

## CONN v. MAY.

**Negligence:** INJURIES RESULTING FROM FIRE. Under chapter 53, Laws of 1862, a person setting out fire between the 1st of September and the 1st of May following, is absolutely liable for damages caused by its escape on to the premises of another, regardless of the question of diligence.

*Appeal from Iowa Circuit Court.*

THURSDAY, MAY 20.

THE plaintiff states in his petition substantially that on or about the 8th day of April, 1871, the defendant carelessly and negligently set fire to, and caused to be burned, the grass, herbage and stumps on his own premises, and negligently allowed the fire to spread and pass to the premises of the plaintiff which were contiguous to those of defendant, whereby plaintiff was injured in his said premises.

All the material allegations of the petition being denied in the answer, the cause was tried to a jury, who returned a verdict for plaintiff, upon which judgment was rendered. The defendant appeals.

*Hedges & Murphy* for the appellant.

*J. N. W. Rumple* for the appellee.

MILLER, J.— On the trial of the cause in the court below the following instruction was given to the jury :

" *Fifth.* If plaintiff's timber was destroyed by fire set out by the defendant as alleged by the plaintiff, then the defendant is liable ; for if a party sets out fire, between the 1st day of September in any year and the 1st day of May following, and allow it to escape from his control, he is absolutely liable to any person injured thereby for the damages sustained, how-

ever much diligence he may have exercised to control it after it was set out, for a party setting out fire between the dates above mentioned acts at his peril, and incurs the penalty unless he should be able to control it."

It is conceded that there was evidence before the court and jury to which this instruction was applicable, if it be a proper enunciation of the law. Appellant insists that it is not.

Under the statute of 1846 (Laws of 1846, p. 3, § 1), as follows: "That if any person or persons shall set on fire, or cause to be set on fire, any woods, prairie, or other grounds whatever other than his own, or shall permit the fire set out by him to pass from his own prairie or woods to the injury of any person," etc., it was held in *De France* v. *Spencer*, 2 G. Greene, 462, that ordinary prudence and honest motives in setting the fire, and due diligence in preventing it from spreading, are all that is necessary, and will constitute a good defense to an action for damages.

In *Hanlon* v. *Ingram*, 1 Iowa, 108, which was decided under the Code of 1851, which is the same as the law of the Revision of 1860, it was held that an instruction to the jury, " that the plaintiff, before he can recover, must prove that the defendant was guilty of *gross negligence* in setting out the fire, or permitting it to escape," was erroneous, and the following *quere* is stated by WRIGHT, C. J.: " Would he not be liable in the absence of any negligence?" In the same case, however, in 3 Iowa, 81, the case of *De France* v. *Spencer*, *supra*, was followed, but with reluctance, for the court say in the opinion, that " if this was an open question we should have some hesitation" in following it. In *Jacobs* v. *Andrews*, 4 Iowa, 506, the doctrine of *De France* v. *Spencer* was again followed.

The statute under which these last three cases were decided is as follows: " If any person willfully, or without using proper caution, set fire to and burn or cause to be burned any prairie or timbered land by which the property of another is injured or destroyed, he shall be fined," etc. Code of 1851, § 2607; Revision of 1860, § 4231. Under this statute it might

properly be held that a party would be liable only where he set out the fire willfully *or without using proper caution.*

The legislature, however, seems to have been dissatisfied with this degree of protection to property against this danger, and, by chapter 53, Laws of 1862, enacted: " That if any person set fire to and burn or cause to be burned any prairie or timber land, allowing such fire to escape from his control, between the 1st day of September in any year and the 1st day of May following, he shall be deemed guilty," etc. And the next section of the act provides, that " nothing contained in this act shall be construed to conflict with section 4231 of the Revision of 1860." In view, then, of the decisions of this court under the former statute, what is the true construction and meaning of the act of 1862 ?

It is insisted by counsel for appellant that the defendant is liable only on proof of negligence on his part in allowing the fire to escape from his control. This was precisely the liability of a party setting out fire prior to the enactment of the act of 1862, as held by this court in the cases above cited. To adopt this view of appellant's counsel would be to hold that that act affected no change in the law, as it stood when the act of 1862 was passed. The last act is couched in language materially differing from that of the former. It is upon the same subject and expressly provides that the former statute is not intended to be affected thereby. It is clear, therefore, that it was intended by the act of 1862 to create a different and higher degree of responsibility upon a person setting out fire, between the months named in the act, than was imposed by the section of the Revision referred to. It is claimed in argument, that under the law of the Revision no offense was committed unless the property of another was injured or destroyed by the fire escaping. Whereas, by the act of 1862, the offense is complete if the person setting it out allows it to escape from his control whether the property of another be injured or not, and that viewing the statute in this light, effect can be given to it without denying appellant's construction to be the true one. We cannot believe that it was the intention of the legislature, by

the act of 1862, to make it a criminal offense for the mere setting fire to prairie or timber land and allowing it to escape, unless thereby the property of another is injured. Such a construction, making an individual criminally liable for an act which does no wrong to another, and is not a wrong in itself, unless clearly expressed in the statute, would be unwarrantable and must be rejected. It seems clear, in view of what the law was at the time of the passage of the latter statute, and the destructive consequences resulting from the careless setting out of fires, that it was the intention of the legislature, by the act under consideration, to create a higher degree of liability upon persons setting out fires between the 1st day of September and the 1st day of May following than was imposed by the then existing law, and to hold the person setting fire to any prairie or timber land between those months and allowing it to escape from his control, absolutely liable for the consequences, irrespective of the degree of diligence used to prevent its escape after being set out by him. This is the only construction that will give any force or effect to the statute.

The instruction which the court gave to the jury is in accord with this view and was right. The judgment will therefore be

Affirmed.