Brunell v. Hopkins.

*4. —— : error in descrip- tion: practice.*

REVERSED.

## BRUNELL v. HOPKINS.

1. **Damages:** SETTING FIRES: CULTIVATED FIELD. The kindling of a fire in a cultivated field is not within the statute prohibiting the setting of fires, and does not render the person charged therewith liable for all resulting damages, regardless of the question of his care or negligence.

*Appeal from Pottawattamie District Court.*

WEDNESDAY, MARCH 22.

ACTION to recover damages sustained by the destruction of property by fire set out and permitted to escape by defendant. There was a verdict and judgment for plaintiff; defendant appeals. The facts of the case appear in the opinion.

*Clinton, Hart & Brewer,* for appellant.

The civil liability, if any, arises from a violation of sections 3889 and 3890 of the Code. (1 Hill. on Torts, 94; *Miller v. Martin,* 16 Miss., 255; *Hanlon v. Ingram,* 1 Id., 108; *Tales v. Reichart,* 8 Wis., 255; *Stuart v. Hanlon,* 22 Barb., 619.) Criminal statutes cannot be made to embrace cases plainly without the letter though within the reason and policy of the law. (*State v. Lovell,* 23 Iowa, 304.)

*Hale & Stone* and *Sapp & Lyman*, for appellee.

If the fire had been set upon cultivated land, defendant would not have been affected if the fire had escaped beyond his control. (*Conn v. May*, 36 Iowa, 241; *De France v. Springer*, 2 G. Greene, 462; *Hanlon v. Ingram*, 1 Iowa, 108; s. c., 3 Id., 81.)

BECK, J.—The petition alleges that defendant did, on the 15th day of October, 1872, "willfully and without using proper caution set fire to and burn certain prairie lands" whereby the property of plaintiff was destroyed, and "that defendant did at the same time allow such fire to escape from his control." It is further alleged that these acts were in violation of the penal laws of the State. The answer of defendant puts in issue all the material allegations of the petition. The bill of exceptions shows that "upon the trial of the cause, testimony was introduced by defendant, tending to show that the fire complained of was set in a cultivated field by the defendant, and without any neglect of the defendant escaped therefrom and caught in the adjoining prairie and from thence spread and overrun plaintiff's premises."

Upon the question of defendant's liability under the evidence, the court instructed the jury in the following language: "Whoever sets out fire in this State between the first day of September in any year, and the first day of May following, and allows it to escape from his control, is by statute made absolutely liable for any damage caused to any other persons by said fire. If you therefore find from the evidence that the defendant did, between the dates above named, set out a fire which escaped from his control and spread upon the premises of the plaintiff, and there destroyed the property enumerated in plaintiff's petition, or any part thereof, the defendant is liable therefor and such liability is absolute and not dependent upon the care or diligence exercised by him to prevent such escape. But before you can find for the plaintiff you must find from a preponderance of the evidence not only that the defendant set out a fire, but that the fire set out by him did the damage complained of."

Brunell v. Hopkins.

The statutes under which recovery is sought in this case, and upon which the petition is based, are as follows:

Rev., § 4231. ."If any person willfully or without using proper caution, set fire to and burn or cause to be burnt any prairie or timbered land by which the property of another is injured or destroyed, he shall be fined not exceeding five hundred dollars or imprisoned in the county jail not more than one year, or by both fine and imprisonment at the discretion of the court."

Chap. 53, Acts Ninth General Assembly. "If any person set fire to and burn, or cause to be burned, any prairie or timber land, allowing such fire to escape from his control, between the first day of September in any year and the first day of May following, he shall be guilty of a misdemeanor, and, upon conviction thereof, shall be punished by imprisonment in the county jail not more than thirty days, or by fine not exceeding one hundred dollars."

The court held in the instruction above set out that the statute last quoted is applicable to the facts of the case and that defendant is civilly liable for the violation thereof.

It becomes necessary to inquire into the application of this statute and to determine whether the act of setting fire in a cultivated field is within its scope. The act forbidden and declared to be a misdemeanor is the setting of fire to and causing to be burned *prairie* or *timber* land. A cultivated field can be described by neither of the terms prairie nor timber. The first in its common acceptation is used to describe the plains of our State, which are without trees, before they are brought into cultivation, and the second the forests to be found here. A farm or cultivated field is never indicated by either term. The definitions of the words as given by lexicographers are in accord with their popular use.

1. DAMAGES: setting fires: cultivated field.

The history of the legislation in question reveals the fact that it was intended to prevent the destruction of property resulting from prairie fires, the dangers. and extent of which are familiar to the first settlers of a prairie country.

We conclude that the act of setting fires in a cultivated field is not within the letter or spirit of the statutes in question. The instruction above quoted, therefore, is erroneous, in not containing restrictions limiting the rule announced to the act of setting out fires in the prairies and timbered land and excluding from its scope the like act when done upon farms and cultivated fields. The evidence introduced by defendant as shown by the bill of exceptions required such a limitation to be put upon the language of the restriction.

II.   These views are not in conflict with the doctrine found in *Conn v. May*, 36 Iowa, 241. The question here discussed and upon which our decision is made to turn was not in that case. It was not shown that the fire in that case was set in a cultivated field, and it was not claimed that the act which rendered defendant liable was not within the scope of the statute because it was done within a cultivated field. The question was neither presented to nor determined by the court in that case.

REVERSED.