## THOBURN V. CAMPBELL.

1. **Prairie Fires:** SETTING OUT: LIABILITY REGARDLESS OF NEGLIGENCE. Under section 3890 of the Code, one who sets out a prairie fire which gets beyond his control, and burns the property of another, is liable for the damage, regardless of the diligence used by him to control it. (See *Conn v. May*, 36 Iowa, 241.)

2.  ———— : ———— : DAMAGES : PLEADING : SPECIAL DEFENSES. In an action for damages for property burned by the setting out of a prairie fire, where defendant claims that he should be exempt on the ground that it was necessary to start a back fire in order to preserve his property from another fire which was approaching, or on the ground that, even though plaintiff's property was destroyed by the fire kindled by defendant, it would have been destroyed a few moments later by the other approaching fire, *held* that he must specially plead such defenses, and that they could not be proved under a general denial. ( The sufficiency of such defenses is not passed upon.)

3.  ———— : ———— : CONFLUENCE WITH OTHER FIRE : LIABILITY. If the fire set out by defendant to preserve his stacks united with the fire against which he was back-firing before reaching plaintiff's property, then defendant's liability depended upon the question whether the fire kindled by him caused plaintiff's property to be burned ; and an instruction that if defendant's fire was overtaken by the other fire, and the other was the larger and stronger, and it overcame and enveloped defendant's fire before it reached plaintiff's property, and the violence and extent of the other fire was not thereby materially increased, then defendant would not be liable, is *held* to be erroneous.

*Appeal from Emmet District Court.*—HON. GEORGE H. CARR, Judge.

FILED, MAY 29, 1890.

IN October, 1888, both plaintiff and defendant had hay stacks on the same section in Emmet county. On the thirtieth day of the month a destructive prairie fire was raging and approaching the stacks of both parties ; the stacks of the parties being somewhere from one-fourth to a half mile apart. When the fire was within from sixty to one hundred rods of defendant's stacks, he sought their protection by setting a back fire, which got beyond his control, and spread towards the plaintiff's stacks, which were consumed, either by the fire set by the defendant, or by the fire previously raging, after it had united with that set by the defendant. Whether or not the fire set by defendant reached plaintiff's stacks before it united with the other fire is a fact involved in dispute under the testimony

in the case. Plaintiff brings this action to recover because the defendant set out the fire, and negligently allowed it to escape beyond his control, whereby he was damaged. The defendant's answer is, in legal effect, a general denial. The trial resulted in a verdict and judgment for plaintiff for eighty dollars, from which the defendant appeals.

*Soper & Allen*, for appellant.

*J. G. Myerly*, for appellee.

GRANGER, J.—It is important that we keep in view the issues presented for trial by the pleadings. The petition, in brief, says that the defendant set out the fire, and unlawfully allowed it to escape beyond his control, whereby his ( plaintiff's ) stacks were burned. The defendant denies that he did so. Both the testimony in the case, and the instructions of the court, are directed to the facts thus put in issue. The court instructed the jury that if the defendant set out the fire, and allowed it to get beyond his control and burn the stacks of the plaintiff, he was liable for the damage. Appellant complains of this because it omits the element of negligence, and claims as the rule that if defendant set the fires to preserve his own property from destruction, and was not guilty of actual negligence, he is not liable. We shall consider the questions of negligence, and the right to protect his own property, separately, as they are really so argued, and should be so considered.

I.  Where one sets a prairie fire which gets beyond his control, and burns the property of another, is he liable for the damage without reference to the fact of negligence? It would not be claimed but that the rule contended for by appellant would be the true rule, independent of the statutory provision. In *Conn v. May*, 36 Iowa, 241, the effect of section 3890 receives careful consideration in connection with other provisions of

1. PRAIRIE fires: setting out: liability regardless of negligence.

Thoburn v. Campbell.

the statute ; and the rule is plainly announced, and the doctrine recognized, that, before the adoption of the section, negligence had to be shown to create a liability, but that its adoption created a higher degree of liability, and rendered a person setting fire, and allowing it to escape within the prohibited period, "absolutely liable for the consequences, irrespective of the degree of diligence used to prevent its escape after being set out by him." We see no reason for changing the rule as announced in that case.

II. Appellant urges error as to two separate defenses, which we think do not arise, under the state of the pleadings: *First.* That, if necessary to protect defendant's property from the approaching fires, he had the right to set back fires, and his liability for damage resulting therefrom could only arise from his negligence in so doing ; the precise thought being, as we understand, that, conceding the general rule as announced in *Conn v. May*, the defense of property makes an exception, and liability in such cases rests upon negligence. *Second.* That, conceding plaintiff's hay was burned by the fire set by defendant, if it was set to protect his property, and plaintiff's hay would have been burned a few moments later by the other prairie fire, then the defendant would not be liable. It must be observed that both of these defenses are special, and are available only where specially pleaded. A general liability for setting fire, and allowing it to escape, arises under the rule of *Conn v. May*. If the defense of property is an exception to the rule, it amounts, when pleaded, to a justification, and is proper matter for special pleading. When pleaded, its sufficiency, if doubtful, may be tested by demurrer ; or, if unquestioned, but negligence is claimed in the exercise of the right, it may be set up by reply. This is the rule contemplated by our system of pleading. The same reasoning applies to the second defense referred to. If, under the general rule, the defendant would be liable, and he claims exemption

*2. ——: ——: damages: pleading: special defenses.*

from the rule because of certain facts, as that he set fire to protect his property because of the other fire, and that plaintiff's property would in any event have been destroyed, they are facts which he must aver and prove, and are not available under a general denial. As the defenses do not arise under the pleadings we must not be understood as expressing any opinion as to the sufficiency of either.

III.   The court gave to the jury the following instruction, which is one ground of complaint by appellant: "9. If fires set out by or under the direction of the defendant, to protect his stacks, were overtaken by a prairie fire which was burning in the vicinity at the time, and if the prairie fire was the larger and stronger fire, and if it overcame and enveloped the fire set out to protect defendant's stacks before the same reached plaintiff's hay, and if the full violence and extent of the prairie fire was not thereby increased materially, and if plaintiff's hay was thereafter consumed by the prairie fire, then the defendant would not be liable.   But, if the fire or fires set out to protect defendant's stacks spread to and burned the plaintiff's hay before uniting with, and losing its identity in, the larger prairie fire, which had been previously burning, then the defendant is liable, irrespective of the question as to whether the plaintiff's hay might or might not have been consumed by the larger prairie fire."   We think the court inadvertently omits a thought which should have prominence in the instruction, which is this:   If the two fires really came together before the stacks were reached, so that thereafter there was but one fire, and that fire burned the stacks, then the question for the jury would be, did the fire set by defendant have such effect as to cause the stacks to burn?   Or, in other words, would plaintiff's stacks have burned by the other fire if that set by defendant had not united with it ?   It is a matter of little importance which was the larger fire when the two met.   The extent of the fire from that to the

*3. ——: ——: confluence with other fire: liability.*

stacks would not depend upon the relative size of the two fires when they came together, but on the fuel that fed the flames, and the breeze that fanned them. The uniting of the fires, however, may have increased the extent,—that is, have lengthened the line so as to cover the ground where the stacks were. To this extent we think the instruction vulnerable to the criticism made upon it, and that it was prejudicial. We are not to be understood as holding that defendant is or is not liable for the back fire, if set out to prevent or arrest the spread of the other fire. The judgment will be reversed and the cause remanded, with instructions to permit the parties to amend the pleadings and present other issues, if so advised.

REVERSED.