E. S. ELLSWORTH, Appellant, v. MARTIN ELLINGSON.

Setting Fire: NEGLIGENCE. While, under Code 3890, one who sets
1 fire to prairie and allows it to escape is absolutely liable, this is
so only where firing the prairie grass is the direct act of the
defendant or where the firing is caused by him without the inter-
vention of any other act.

RULES APPLIED. Where defendant kindled a fire in a hole in the
2 ground to smoke wolves out of the hole, without directly setting
fire to the adjacent prairie grass or intention that the fire set should
communicate with such grass, he is not liable for damages caused
by the escape of the fire into the grass, unless negligence on his
part be shown.

*Appeal from Franklin District Court.*—HON. S. M.
WEAVER, Judge.

TUESDAY, OCTOBER 22, 1895.

Action to recover damages for setting out a fire
which burned up a large quantity of hay, the property
of the plaintiff. There was a trial by jury, and a
verdict and judgment for the defendant, and plaint-
iff appeals.—*Affirmed.*

*R. W. Birdsall* and *C. M. Nagle* for appellant.

*Taylor & Evans* and *I. C. Fenninger* for appellee.

Rothrock, J.—I. The charging part of the peti-
tion is as follows: "The plaintiff, for cause of action,
states that on the twentieth day of November, 1892,
he was the owner of three hundred tons of hay, situated
in stack upon his farm in Wright county, Iowa; that
on the said date the defendant set out and caused to
be set out, and burned and caused to be burned cer-
tain prairie land in the vicinity of said hay, and negli-
gently and carelessly allowed said fire to escape from

their control, and the same communicated to and
destroyed the said hay of plaintiff above mentioned;
that said hay was of the value of three dollars per
ton, and of the aggregate value of nine hundred dol-
lars, and plaintiff has been damaged, by reason of the
negligent and wrongful act of said defendants, in the
sum of nine hundred dollars." The answer is a gen-
eral denial of the averments of the petition. It
appears from the evidence that a number of stacks of
hay, the property of plaintiff, were destroyed by fire,
and that the fire originated about a half mile from the
stacks, and that it was set out by the defendant and
one Andrew Lique, who were hunting wolves, and
that they kindled the fire in a hole in the ground for
the purpose of smoking wolves out of the hole. There
is no evidence that they set fire directly to the prairie
grass on the land, or that they had any intention or
purpose that the fire set in the hole in the ground
should communicate with and consume grass. The
fact is, there was no evidence showing how near the
hole was to the grass land. After the fire was set
the defendant covered it up so that there was no sign
of smoke, and he and Lique went away; and, when
they were off about thirty or forty rods, they looked
back and saw the fire. They ran back, and, with others,
tried to put it out. The court instructed the jury
upon the question of the defendant's liability
as follows: "If you find by a preponderance
of the evidence that said defendant, either by
himself or acting with his co-defendant, Lique, set
fire to the prairie or grass land, and allowed the same
to escape his control, and that thereby the plaintiff's
hay was destroyed, then the plaintiff will be entitled
to your verdict for the damages thereby sustained;
that is, if defendant set the fire directly to the grass
or prairie, or if he built or set a fire in or to some other
place or material, intending or purposely permitting it

to communicate or extend to such grass or prairie land, then he is absolutely liable for all damages resulting therefrom, and if the plaintiff's hay was thereby destroyed the plaintiff will be entitled to recover therefor. (5) If you do not find the defendant liable under the rule laid down in the last preceding paragraph, but do find, by a preponderance of the evidence, that the defendant Ellingson, either by himself or acting with his co-defendant, Lique, set a fire in a hole in the ground for the purpose of smoking out or capturing a wolf, and, through his or their negligence, said fire escaped, and spread into the surrounding grass, and thence to plaintiff's stacks, then the defendant is liable, and in such case plaintiff is entitled to recover the damages so sustained by him." These instructions are claimed to be erroneous, and it is strenuously contended that the defendant was, in any view of the case, absolutely liable, without proof of any negligence. And it is insisted that the defendants were trespassers on the land, and wrong-doers, because they were engaged in hunting wolves on Sunday. It will be observed that the defendants are not charged in the petition with being trespassers, nor with a violation of the Sunday laws of this state. In the absence of such averments, it would have been improper for the court to charge the jury in reference thereto.

II. The petition in the case was intended to be founded upon section 3890 of the Code, which is as follows: "If any person set fire to and burn or cause to be burned any prairie or timber land and allow such fire to escape from his control between the first day of September in any year and the first day of May following he shall be guilty of a misdemeanor," etc. It was held in *Conn v. May*, 36 Iowa, 241, that under this law a person "setting fire to any prairie or timber land, and allowing it to

escape from his control, is absolutely liable for the consequences, irrespective of the degree of diligence used' to prevent its escape after being set out by him." And' the same rule was adopted in *Thoburn v. Campbell*, 80 Iowa, 338 (45 N. W. Rep. 769).   We think that the instructions of the court to the jury in the case at bar, as to absolute liability, are in harmony with the cited cases, and that such liability attaches only when the setting out of the fire to the prairie grass is the direct act of the party, or that it was caused by him without the intervention of any other act.   If any other rule be adopted, then the setting out of a fire for a lawful purpose would impose absolute liability for all the consequences, notwithstanding the utmost care and diligence to prevent its escape.   In our opinion, the evidence in the case justified the question of negligence to be submitted to the jury in the manner in which it was submitted in the instructions last above set out.

III.   The plaintiff sued out an attachment, and caused the same to be levied on forty acres of land, the property of the defendant.   The defendant, by a counterclaim, demanded judgment against the plaintiff on the ground that the attachment was wrongful and malicious.   The jury returned a verdict for the defendant for one dollar actual damages and two hundred and fifty dollars exemplary damages.   It is claimed that there was no evidence authorizing the court to instruct the jury that exemplary damages might be allowed.   If there was error as claimed, it was afterwards rectified, because, on the motion for a new trial, the court required the defendant to remit all of the exemplary damages, which was done, and judgment was rendered for nominal damages only. The case demands no further consideration and the judgment of the district court is *affirmed*.