Mrs. Lizzie Rice, Appellant, v. Ralph J. Whitley, *et ux.,* Administrator of Estate of J. L. Whitley, Deceased, Williams & Tomlinson, *et al.,* Appellees.

Landlord and Tenant: ˙ DAMAGES FOR NON-REPAIR: *Jury question.* Action was brought by a tenant against a landlord and parties who re-roofed a building, to recover for damages to goods in the building, caused by the rain while such re-roofing was being done. It appeared that the old roof was leaky, and required frequent soldering, but that rain had never come down the side walls previous to the time of re-roofing, nor through that portion of the roof under which the tenant placed her goods for safety during the repairing. There was also evidence that the rain which caused the damage came through only the unsoldered portion, and where the flashing had been removed, and that a month prior to the time of re-roofing the old roof had been repaired, and all leaks closed. The amount of damage was also shown. *Held,* that the evidence was sufficient to take the case to the jury.

Appeal: NON-ALLOWANCE OF NOMINAL DAMAGES. In the absence of evidence as to the extent of substantial damages, failure to assess nominal damages is not ground for reversal.

*Appeal from Mitchell District Court.*—Hon. J. C. Sherwin, Judge.

Friday, October 18, 1901.

Action at law to recover damages for injuries done plaintiff's goods through defendants' failure to use proper care and diligence in repairing the roof of a building belonging to J. L. Whitley, deceased, in which said goods were stored. The trial court directed a verdict for defendants, and plaintiff appeals.—*Reversed.*

*G. W. Ruddick* and *L. M. Ryce* for appellant.

*W. L. Eaton* for appellees administrators of Whitley Estate.

*G. E. Marsh* for appellees Williams & Tomlinson.

DEEMER, J.—Dr. Whitley, deceased, was the owner of a two-story building, the upper story of which was occupied by plaintiff as a tenant for a millinery shop which she was conducting. There was no covenant in the lease, as we understand it, requiring the landlord to keep the premises in repair; at least none is shown in the evidence. The roof of the building was of tin, and became out of repair. Thereupon and on August 10, 1896, the owner made a contract with defendants Tomlinson & Williams to take off the old tin roof and put on a new one. Work was commenced on the 10th day of August, and continued from day to day to the 17th, when it was finally completed. During the progress of the work rain storms were frequent, and the water went through the roof, and injured plaintiff's goods. She contends that the defendants Tomlinson & Williams negligently performed their work, and failed to take the usual and necessary precaution against storms. At the conclusion of the evidence the trial court directed a verdict for defendants on the ground that plaintiff had failed to show what damages, if any, were occasioned by defendants' negligence in putting on the new roof, as distinguished from what might have been caused by the condition of the old one. The appeal is from this ruling.

It is practically conceded in argument that plaintiff's goods were seriously damaged by water coming through the roof; that defendants owed plaintiff reasonable care and skill in removing and putting on the new, and that plaintiff was free from contributory negligence. There were, then, but two things to be proven to entitle plaintiff to a verdict, or to have her case submitted

to a jury: First, that defendants did not use the care or skill required; second, that plaintiff suffered damage thereby, and the amount thereof. The trial court found that there was sufficient evidence of negligence to take the case to the jury, but also held that plaintiff had not sufficiently established her damages. Of course, for every violation, invasion, or infringement of a legal right the law implies damage, and, in the absence of proof of substantial loss, nominal damages will be awarded. But this court is committed to the rule that a case will not be reversed for failure to assess nominal damages. *Williams v. Brown,* 76 Iowa, 643, and cases cited. As a general rule, in order to recover substantial damages the plaintiff must show not only a wrongful act, but resulting loss, and, if it cannot be judicially determined that defendant's wrong produced the injury complained of, or if the consequences cannot be attributed to that cause for which defendant is responsible, there can be no recovery. *Burruss v. Hines,* 94 Va. 413, (26 S. E. Rep. 875); *Fairchild v. Rogers,* 32 Minn. 269, (20 N. W. Rep. 191); *Becker v. Janinski,* 27 Abb. N. Cas. 45, (15 N. Y. Supp. 675. If defendants' original and continuing wrong operated proximately in producing the damage, they are liable, even though there was another concurring cause operating at the same time to bring about the result. *Gould v. Schermer,* 101 Iowa, 582. But, before this rule will apply, it must appear that the damage would not have occurred but for the defendants' negligence. If some of the damages are due to acts for which defendants are liable, and some to other causes, each independent in its sphere of operation, then defendants are not liable without proof of the damage done by them. It is only when the causes are concurrent and co-operating that defendants are responsible for the entire damage done. When there is an independent cause that may have produced part of the damage, the plaintiff must show the extent of the damages due to defendants' wrongful act. These rules are not in serious dispute be-

tween the parties. Indeed, it is well settled that in cases of tort it is necessary for the party complaining to show that the particular damage in respect to which he proceeds is the legal and natural consequence of the wrongful act imputed to the defendant. *Plumb v. Woodmansee,* 34 Iowa, 116.

With these rules of law established, we turn now to the evidence to see if there is any proof of the damage caused by defendants' acts. The building fronts the south, and the roof slants to the north; that is to say, the roof is four feet higher at the south end of the building than at the north. The building is 70 feet long, and a room about 21 feet by 38 feet in the southwest corner was used by plaintiff for a shop and as a place for the storage of goods. The original roof was of tin, and had been on for 20 years. It had rusted, and was badly out of repair, and required frequent soldering and mending. Soon after Whitley purchased the building, he decided to put on a new roof, and employed his codefendants to do the work. Some of the evidence tends to show that they commenced at the north end, and worked south, removing the old roof, and some, if not all, of the flashing, as they went. On the first day (Monday) about 4 feet of the old roof was removed, and new put on in its place; on the next day 8 or 10 feet more of the old roof was removed, and new put down; on Wednesday about 8 feet more; on Thursday from 18 to 15 feet more of the old roof was removed; on Friday 15 feet more and on Saturday from 15 to 18 feet; and the roof was finally completed the next Monday morning. Tuesday night it rained a little, but not enough to do any particular damage to plaintiff's goods, although it interfered with defendants' soldering. Thursday evening, about 7 p. m., it rained very hard, and the water came through the roof very badly, especially at the north end of plaintiff's storeroom. Friday morning it rained again for more than two hours, and again on Saturday morning; the downpour during this last storm being nearly 2½ inches. The evidence shows that the plaintiff's goods were serious-

ly damaged by the Thursday, Friday, and Saturday storms. On Thursday defendants were at work over the north end of plaintiff's storeroom, and there is evidence tending to show that they removed the whole of the old tin on Friday. There is also evidence tending to show that, while the new squares of tin were laid and pounded down, there were large sections unsoldered when the rain fell, and that the old flashing on both the east and west sides of the roof was removed, and the side walls left exposed and unprotected. Witnesses also testified that on Thursday evening there was a place on the south end of the roof 10 or 15 feet wide from north to south and extending across the building which was covered with squares of unsoldered tin, and that the old roof was not turned back over it for protection, but was taken from the building. Thursday night it rained, and the water seemed to come through this unsoldered tin and upon plaintiff's goods. Plaintiff testified that the rain had never come through this part of the roof before, and that she moved the goods to the south end of the shop, where there was no leak. Friday morning the rain came down the side walls, and injured plaintiff's goods. Again they were moved to the south end of the shop, and out from under the falling water. The rain from Saturday's storm came through all parts of the ceiling of the shop and down the side walls, and further injured the goods which had been removed to the south end of the building for protection. Plaintiff contended, and introduced evidence to show, that the old roof was entirely removed from the building, and that the new squares of the tin at the south end were unsoldered, and that the rain came through by reason thereof. She also introduced evidence showing the damage done to her stock of goods by the frequent wetting. As we have said, the trial court found there was sufficient evidence of negligence on the part of defendants to take the case to the jury, but directed a verdict because of lack of evidence to show the damage occasioned thereby as distinguished

from what might have been caused by the condition of the old portion of the roof.

Defendants contend in support of the ruling that, if they had not attempted to retin the roof, plaintiff would have been damaged by these storms on account of the defective condition of the old roof and that there is no means of telling how much of the damage was due to water coming through the old defective roof which was left intact and how much to the unsoldered squares of the new. It must not be forgotten that defendants were attempting to fix the roof to keep it from leaking, and that they were required to exercise reasonable and ordinary care in doing the work. While plaintiff testified that the roof leaked prior to the time defendants attempted to put on the new one, she also said that the rain never came down the side walls, and that but once in the year previous to the time defendants attempted to put on the new roof were the goods damaged, and then but to a small amount; and that the rain did not come through the south part of the roof, to which she had removed the goods for safety, until defendants tore off the old roof. There was also evidence to show that the water came through from the unsoldered part of the roof, and that, if any came through the holes in the old, it flowed along the ceiling until it met that coming through the unsoldered portion, and then descended upon plaintiff's goods. There was also evidence from which a jury might have found that the water came through the unsoldered portion of the roof, and at no other place, save where the flashing was removed, and that the roof did not leak for a space of about 12 feet north from the south wall until the old tin was removed therefrom. There was also evidence to the effect that about a month prior to the time in question the old roof was replaced, and all the leaks closed, and that the leaks prior to that time were small and insignificant. Such being the record, it seems to us the case should have gone to the jury under proper instructions from the court. At most, there

was a concurring cause, for which neither was responsible; but this alone would not absolve defendants from liability for the entire damage. The jury might have found that, if defendants had used proper care in retinning the roof, the damages would not have occurred. If they had so found, there would be no doubt of defendants' liability. We are not to be understood as holding that defendants were negligent, or that their negligence, even if shown, was the cause of plaintiff's damage. These were and are questions of fact for a jury. Of course, if the damage was due to the faulty condition of the old roof, not directly contributed to by any negligent act of the defendants, there would be no liability, for the landlord had made no covenant to repair. Liability must be predicated on failure to use ordinary and reasonable care in making the improvement. We think the evidence as to damages was sufficient to take the case to the jury, and that the court erred in directing a verdict.—REVERSED.

Sherwin, J., taking no part.