WILLIAM JUDD, Appellee, v. H. A. RUDOLPH, Appellant, et al., Appellees.

114

December 14, 1928.

*Kenline, Roedell, Hoffmann & Tierney,* for appellant.

*Frantzen, Bonson & Gilloon,* for appellee.

Albert, J.—I. In attempting to determine the correctness of certain instructions with reference to the pleadings, we have had much trouble in this case. After plaintiff filed his petition, a motion was made to strike from the pleadings, by simply referring to certain lines on certain pages thereof. Such motions

do not enlighten us very much here, for, when these pleadings appear in the printed abstract, the lines and pages do not correspond to the pages and lines of the original pleadings; hence it is impracticable, if not impossible, to apply motions or amendments so made to the pleadings as they appear in the printed abstract.

This automobile collision occurred about 11 o'clock on the night of September 29, 1925. Jackson Street in the city of Dubuque runs north and south, and is intersected by Thirty-second Street, running east and west, both streets being paved. From this intersection eastward on Thirty-second Street, about two blocks, is a viaduct over the railroad track. There appear to have been no houses on Thirty-second Street between Jackson Street and the viaduct. At the southeast corner of this intersection are billboards, on the south side of Thirty-second Street and the east side of Jackson Street, making an angle at the corner. These boards are about 50 feet long and 10 or 12 feet high. At the northwest corner of this intersection is the Brunswick Hotel, a three-story brick building, flush with the lot lines on Jackson and Thirty-second Streets.

At the time in controversy, Judd, the plaintiff, was driving a Ford touring car. On his way home, he had picked up as guests Gladys Droullard and Mark Gavin, who occupied the rear seat. He drove north on Jackson Street, and started through this intersection. At about the time or shortly after he passed the middle line of Thirty-second Street, he was struck by the cars of the two defendants. Rudolph, who was driving a Ford sedan, was coming from the east, and his car struck the Judd car about the rear wheel and fender, and the impact swung the rear of the Judd car to the west, so that it was headed in a northeasterly or easterly direction; and while in that position, it was struck by the Casey car, the occupants thrown out, and the Judd car pushed or rolled over until it struck the curb and landed against the east side of the brick building above referred to. There was evidence from which the jury might find that both Casey and Rudolph were driving at an excessive rate of speed, and did not have their cars under control, and that the cars were about one half to a car length apart.

The first question argued for reversal has to do with the admission of testimony. The Rudolph car had four passengers, and the Casey car two. Most, if not all, of these parties testified

in the case, and on cross-examination, some of them, if not all, were asked about where they came from and how far they had traveled, and as to the relative position of the Casey and the Rudolph cars in coming the distance they had. This testimony, of course, was not very material; but, at the same time, there was nothing prejudicial in it, and there was no error in the court's permitting this cross-examination.

Again, plaintiff testified that his car was struck by the Rudolph car, "and headed me right into the Casey car." It is claimed that this is a conclusion. It is, but it is one of those conclusions of fact which a witness is permitted to give. Plaintiff also testified, over objection, that he was not able to work, and suffered pain after the accident. We see nothing wrong in permitting him to so testify.

A physician who attended him was questioned as to whether or not these pains were the result of the injury referred to, and he said that the pains might have varied, or the causes might have arisen, or the injury might leave a "hangover," such as complained of, and that the "hangover" might continue an indefinite length of time. We are unable to see how the defendant was injured by this testimony. The case of *Phillips v. Leuth,* 200 Iowa 272, does not sustain appellant's objection, as the facts there are wholly different. See *Greenway v. Taylor County,* 144 Iowa 332; *Bird v. Hart-Parr Co.,* 165 Iowa 542; *Brier v. Chicago, R. I. & P. R. Co.,* 183 Iowa 1212.

After a proper showing of the existing conditions, witnesses who are properly qualified should be permitted to testify as  to the distance in which a given car can be stopped. Judd was permitted to testify concerning the speed of the Rudolph and Casey cars as they approached his car. He showed himself properly qualified, and his answers were admissible.

Plaintiff testified that Gavin and Gladys Droullard, who were with him, were thrown from the car, and that Miss Droullard struck the brick building, near a window in the second story, and fell to the sidewalk, where she was picked up and carried into the hotel. Other witnesses testified to these same facts. The contention of the appellant is that none of this testimony was

admissible. With this we do not agree. The jury was entitled to a picture of the situation as it existed at the time of and shortly after the accident. Just where these parties were found as a result of the accident was all a part of the same transaction, and if for no other reason, it might be considered in determining the speed of the cars. One witness testified that the girl was found on the sidewalk at the east side of the hotel, and "she was in a huddled-up position." This was also admissible, as it was all related to and connected with the transaction.

Certain witnesses on cross-examination were asked whether or not, in the trial of State v. Rudolph, for manslaughter, they had not given testimony conflicting with that given by them on the witness stand in the instant case, and the shorthand reporter was called, with his minutes, to prove statements these witnesses had made on the former trial. This is permissible, and no legal objection can be made thereto.

We have given attention to the other assignments of error in regard to the admissibility of testimony, and find nothing that could be the basis of reversible error.

II. Serious assaults are made on certain of the instructions, among which is an attack on Instruction No. 18, reading in part as follows: "You are instructed that all persons have an equal right to use the highways of this state in an equal manner." No reference whatever is made in the instructions to the section of the statute about to be quoted, and such failure was excepted to and assigned as error.

This statement of the law contained in the above instruction may be accurate, as an abstract proposition, but in the instant case, recognition should be given to the provisions of Section 5035, Code of 1924, reading as follows:

"Where two vehicles are approaching on any public street or highway so that their paths will intersect and there is danger of collision, the vehicle approaching the other from the right shall have the right of way. * * *."

A reading of this section shows the error in the instruction, as applied to the facts of this case, for the instruction wholly ignores the fact that, under this section, and under the evidence,

the jury could find that the Casey and Rudolph cars had the right of way over the Judd car. See *Switzer v. Baker*, 178 Iowa 1063; *Rolfs v. Mullins*, 179 Iowa 1223.

The plaintiff's cause of action with reference to the Casey and Rudolph cars, as stated by him in the amended and substituted petition, is that "each of said automobiles driven by the  defendants Rudolph and Casey was being driven at a high, dangerous, and excessive rate of speed, to wit, in excess of 35 miles an hour, and that both of said automobiles driven by said defendants ran into and against plaintiff's automobile, damaging and injuring the plaintiff," etc. An attack is made on the instructions given, because it is claimed that Rudolph was liable only for the damages done by his car in striking the Judd car, and that he was not liable for the damage to the Judd car and the occupants by reason of its having been subsequently struck by the Casey car.

Turning now to the instructions, we find them to have followed the allegations of the plaintiff's petition: that is to say, the court charges that, for plaintiff to recover, both Casey and Rudolph must have been negligent. He then says:

"If you fail to find that any one of the items of negligence referred to in the last preceding instruction has been established by a fair preponderance of the evidence in this case, then it will be your duty to find your verdict in favor of the *defendants*; or, if you fail to find from a fair preponderance of the evidence that the collision and damage resulting therefrom, if any, was a direct result of the negligence of the defendants H. A. Rudolph and Howard Casey, if any, then and in such event, it will be your duty to find your verdict in favor of the defendants."

Under the last part of the instruction quoted, the effect is to tell the jury that, before recovery can be had, the damage to plaintiff must be the direct result of the negligence of both Rudolph and Casey, and if the plaintiff fails to establish this, then the verdict should be in favor of the *defendants*.

It is around this question that the larger battle in this case rages. To put the matter simply, Rudolph contends that he is liable only for the damage done by his car, and not for the

damage done by the Casey car. In the case of *Rice v. Whitly*, 115 Iowa 748, at 750, we laid down this rule:

"If defendant's original and continuing wrong operated proximately in producing the damage, they are liable, even though there was another concurring cause operating at the same time to bring about the result,"—citing *Gould v. Schermer*, 101 Iowa 582.

In the *Gould* case we said:

"[It] is well settled that the mere fact that some other cause operates with the negligence of the defendant to produce the injury, does not relieve the defendant from liability. His original wrong, concurring with some other cause, and both operating proximately at the same time in producing the injury, makes him liable, whether the other cause was one for which the defendant was responsible or not,"—citing several Iowa cases.

This doctrine is substantially followed in *Pratt v. Chicago, R. I. & P. R. Co.*, 107 Iowa 287; *Walrod v. Webster County*, 110 Iowa 349; *Harvey v. City of Clarinda*, 111 Iowa 528; *Burk v. Creamery Pkg. Mfg. Co.*, 126 Iowa 730; *McGee v. Jones County*, 161 Iowa 296; *Daggy v. Miller*, 180 Iowa 1146; *Sell v. Chicago, R. I. & P. R. Co.*, 199 Iowa 808.

Again, where several proximate causes contribute to an accident, and each is a sufficient cause, without the operation of which the accident would not have occurred, it may be attributed to all or any of the causes, but it cannot be attributed to the cause unless, without its operation, the accident would not have happened. *Burk v. Creamery Pkg. Mfg. Co.*, supra; *Madden v. Saylor Coal Co.*, 133 Iowa 699.

In the case of *Fitzgerald v. Des Moines City R. Co.*, 201 Iowa 1302, we had a very similar question. In that case, a passenger on a street car stepped from the car, and was struck by an automobile. His claim was that the street car company was negligent in permitting him to alight before the car stopped, and that by reason thereof he had a momentum which caused him to stumble and stagger toward the curb, and while in this condition, he was struck by an automobile. The defendant in that case contended that it was not liable, and that the injury was due wholly to an independent cause,—to wit, to the fact

that the appellant was struck by an automobile. The conclusion of the court was stated as follows:

"In this particular case, three inquiries present themselves for consideration: First, was appellant injured solely by reason of the claimed negligence of appellee in the manner in which the street car was operated at the time appellant alighted therefrom; or, to put it another way, was appellant injured solely by reason of the momentum given his body as he moved from the street car, so that, for this cause, and it alone, he fell to the pavement and received the injury complained of? Second, was the sole cause of the injury to appellant the coming in contact with the automobile? Third, did the movement of the street car at the time appellant alighted concur with the action of the automobile in causing the injury to appellant; or, in other words, did his stumbling and staggering, caused by the movement of the street car, together with the impact of the automobile, concur and contribute together to produce the resulting injury?"

In that case, as well as the case under consideration, if the railway company or Rudolph was not negligent, there would be no liability, in so far as each was concerned; but if, in this case, Rudolph was negligent, and thereby placed Judd and his car in such a position that they were struck by the Casey car, and the Judd car would not have been struck by the Casey car, had it not been for the negligent act of Rudolph, then Rudolph would be liable for the injuries of which the plaintiff complains. In other words, so far as Rudolph's liability is concerned, under the facts in this case, the question of whether or not Casey was negligent is only a side issue, and not material to plaintiff's recovery against Rudolph.

In the instructions above set out, the court told the jury that, before plaintiff could recover, Rudolph and Casey must both be negligent, and their negligence must be the direct cause of the injury complained of. We do not think this is a correct statement of the law, but we are unable to see why Rudolph can complain about the same, because the error in the instruction redounded to his benefit. In other words, the instruction told the jury that they must not only find that Rudolph was negligent, but that Casey also was negligent, and if they did not so

find, their verdict should be in favor of both defendants. Under this instruction, Rudolph might have been ever so negligent, and yet, if the jury did not find that Casey also was negligent, they were told to return a verdict in favor of both defendants. With this situation, we do not see how Rudolph can complain about these instructions.

III. Complaint is made about certain statements made by counsel for the plaintiff in addressing the jury, and it is urged that, while the court told the attorneys to keep within the record, he did not tell the jury to disregard the statements about which complaint is made. While the court should have done so, the chances are that this question will not arise on a retrial of the case. Also, on a retrial of the case, it might be well for the court to give a specific instruction on the proposition that, if the jury found that Rudolph was not negligent, as alleged by plaintiff, then he would not be liable. We think this is fairly covered by the instructions given, but it might be well to make it specific.

The errors pointed out are prejudicial.—*Reversed.*

STEVENS, C. J., and MORLING and WAGNER, JJ., concur.

DE GRAFF, J., concurs in result.