LEO O. DROULLARD, Administrator, Appellee, v. HAROLD RUDOLPH, Appellant, et al., Appellees.

January 15, 1929.

*Kenline, Roedell, Hoffmann & Tierney,* for appellant.

*Hurd, Lenehan, Smith & O'Connor* and *Frantzen, Bonson & Gilloon,* for appellee.

Albert, C. J.—This case is a companion case to *Judd v. Rudolph,* 207 Iowa 113. This action grew out of the same collision which was the basis of that action, and as the facts are quite fully set out in that opinion, we need but summarize them here.

This collision occurred in the northeast segment of the intersection of Jackson and Thirty-second Streets in the city of Dubuque. The car in which the plaintiff's decedent was riding was traveling in a northerly direction on Jackson Street, and the Rudolph and Casey cars approached from the east on Thirty-second Street. Appellee's decedent, Gladys Droullard, was sitting in the rear seat, and the Judd car, in which she was riding, was first struck by the Rudolph car and then by the Casey car. She was thrown from the car, struck the hotel building on the northwest corner of the intersection, at a point some 16 feet from the ground, fell to the cement sidewalk in front of said building, and was taken in an ambulance to a hospital, where she shortly afterward died.

There are 96 errors assigned in this case, a large part of them having reference to rulings on evidence. We have reviewed each error and the reasons claimed therefor, and find that, so far as these objections to the reception or rejection of evidence are concerned, there was no prejudicial error. Much that is said in the *Judd* case on the question of receiving or rejecting testimony is controlling in this case.

Objection was made that certain witnesses were allowed to give incompetent conclusions; but, as we read the record, this objection is not tenable, for the conclusions given by these wit-

nesses against which objection is lodged, are such as we have repeatedly held to be admissible.'

Complaint is made of the admission of certain testimony as to pain and suffering. It is well settled that, in an action of this kind, this element cannot be considered in determining the damage. *Donaldson v. Mississippi & M. R. Co.*, 18 Iowa. 280; *Rose v. Des Moines Valley R. Co.*, 39 Iowa 246; *Dwyer v. Chicago, St. P. & O. R. Co.*, 84 Iowa 479; *Hammer v. Janowitz*, 131 Iowa 20. In the case of *Nicoll v. Sweet*, 163 Iowa 683, 696, this court said:

"There was no error in admitting complaints made by the deceased of pain and suffering soon after his injury. It is true, the administrator was not entitled to recover for the pain and suffering sustained by the deceased, and the jury were so instructed; but the rule which admits the complaints of the injured person as bearing upon the nature, extent, and location of his injuries is quite elementary."

While the *Nicoll* case is not exactly parallel with the situation we have before us, we are disposed to think it is controlling here. On the other hand, if this evidence was not admissible, it was not submitted to the jury as one of the elements of damage, and we think, therefore, there was no error here.

Defendant tendered testimony to the effect that Judd, the driver of the car in which the decedent was riding, made certain statements after the accident, to the effect that he "stepped on the gas, or tried to beat the other car to it." Objection was sustained to this line of testimony, and rightfully so. Such statements would not be binding on this plaintiff, under the circumstances, nor were they *res gestae*, under the rule laid down in the case of *Keyes v. City of Cedar Falls*, 107 Iowa 509.

While in this case, as in the *Judd* case, the action was originally commenced by plaintiff against Rudolph, Casey, and his mother (the owner of the car), during the trial of the case plaintiff dismissed the case, so far as Casey and his mother were concerned; so that, when the case was finally submitted, the Caseys were not parties.

Complaint is made because concurrent negligence was not pleaded, and was not properly instructed upon. With this we

cannot agree. One of our holdings in the *Judd* case was that, if the facts were as claimed by the plaintiff, the negligence of the Caseys had no material bearing in the case. After reciting the substance of the law in two sections of the Code, the court said, in his instructions: "The violation of either of these sections will constitute negligence." The claim is that this instruction was not qualified, and wholly overlooked the statutory law governing the right of way at these intersections.

The court further told the jury, in another instruction, as it did in the *Judd* case, that "all persons have an equal right to use the highways of this state in an equal manner." What we  said in the *Judd* case is applicable here; and, as we held this instruction erroneous in that case, it necessarily follows that it is erroneous in this case. No elaboration is needed on this proposition, because it is fully covered in the *Judd* case.

An instruction was given as to the measure of damages, in which the jury was told to determine "the financial loss sus-  tained by plaintiff's intestate's estate, and make that the amount of your verdict, taking into consideration that the amount already allowed by you, if any, will be paid thus in advance, and in no event can it exceed," etc.

The point urged here is that this is not a proper measure of damage, because the proper rule is that the damage is the present worth of the value of decedent's life to her estate, had she lived out her natural life. The statement in this instruction is not very clear, but ordinarily we would not be disposed to reverse, if this were the only error; but in *Hammer v. Janowitz,* supra (l. c. 27), we said:

"In short, the measure of the recovery is the reasonable present value of his life to his estate * * *."

It would be well, on a resubmission of this case, to more clearly state the rule as set out in the *Hammer* case.

During the trial of the case, life tables were admitted in evidence, and the court told the jury, in relation thereto:

"These tables, however, are authority on the subject to which they appertain, and as such should be given full weight and consideration by you."

While this may be technically accurate language, we are fearful that it may have misled the jury. These tables, while  admissible evidence, are not conclusive, and the jury should have been so told. *Farrell v. Chicago, R. I. & P. R. Co.*, 123 Iowa 690; *Trott v. Chicago, R. I. & P. R. Co.*, 115 Iowa 80.

Some other questions are discussed; but, as they are not likely to arise on a retrial of the case, we give them no further attention.

For the errors pointed out, the case is reversed.—*Reversed.*

STEVENS, MORLING, and WAGNER, JJ., concur.

DE GRAFF, J., concurs in result.