no responsibility can justly attach to the company for such acts of Foster, over which it had no power or control.

Holding as we do, we are of the opinion that the trial court was correct in directing a verdict for the defendant.

*Judgment affirmed.*

WEYGANDT and VICKERY, JJ., concur.

FINK ET AL. *v.* YOUNG, ADMX.

(Decided May 7, 1930.)

*Messrs. Todd, Tehan & Lorentz* and *Messrs. Martin & Corry,* for plaintiff in error Fink.

*Mr. Harry A. Brenner,* for plaintiff in error Kearney.

*Messrs. Zimmerman, Zimmerman & Zimmerman,* for defendant in error.

KUNKLE, P. J. Defendant in error, Emma Young,

as administratrix of the estate of Charles W. Young, deceased, sought to recover damages from plaintiffs in error, J. W. Fink and J. C. Kearney, in the sum of $25,000, for the wrongful death of the said Charles W. Young. The action was against them as joint defendants.

Separate answers were filed by the said Fink and Kearney, in which they separately denied liability and alleged contributory negligence on the part of the decedent.

Replies to such answers were filed, an issue was joined, and the case was submitted to a jury, with the result that the jury returned a unanimous verdict in favor of defendant in error against plaintiffs in error jointly in the sum of $7,000.

Motions for a new trial having been overruled, and the motion of plaintiff in error Kearney for a judgment notwithstanding the verdict having also been overruled, judgment was entered upon the verdict. From that judgment error is prosecuted to this court.

In brief, it appears from the record that Charles W. Young at the time in question was about sixty years of age and in good health, living some eight or nine miles south of Springfield on the Yellow Springs Pike; that at about the hour of 7 o'clock p. m., on October 28, 1928, one Burt Judy, an employee of plaintiff in error Kearney, went to Mr. Young's residence and requested his assistance in securing some gasoline for a truck which he (Judy) was then driving for Kearney to Springfield, which truck had run out of gasoline a few hundred feet south of Mr. Young's residence; that Mr. Young went to the assistance of Judy and helped him to

secure some gasoline; and that he and Judy were in front of the truck in the act of pouring in the gasoline when plaintiff in error Fink, who was approaching from the south in an automobile, ran into the rear of the truck with such force as to propel it forward for some distance and cause it to run over Mr. Young, who died a few hours thereafter from the injuries so received.

In brief, the allegations of the petition as to the negligence of plaintiff in error Fink are that at the time of the collision he was driving at a high, reckless and dangerous rate of speed, to wit, more than sixty miles per hour, and was so carelessly and imprudently operating his said automobile that he ran into and against the rear part of said motortruck, thereby causing the injuries complained of in the petition of plaintiff below.

In brief, the allegations of negligence upon the part of plaintiff in error Kearney are that he permitted the rear portion of the body of his truck to extend about three feet over the paved traveled portion of the highway, and that hung on this rear portion was an ordinary uncolored glass lantern, lighted, or no light whatever, etc., instead of a light as is provided by statute.

The petition alleges that the injuries received by the said Charles W. Young were the direct and proximate result of the carelessness and negligence of the defendants, and that he was without fault or negligence.

Plaintiff in error Kearney demurred to the petition (1) on the ground that the same does not state facts sufficient to state a cause of action, and (2) because it appears upon the face of the petition that

there is a misjoinder of parties, in this, that there is no cause of action set forth in said petition in favor of the plaintiff and against the defendant J. C. Kearney. This demurrer was overruled by the trial court. We have considered the averments of the petition and think that such demurrer was properly overruled.

The principal complaint urged by counsel in their briefs, and also in the oral argument, relates to certain special charges given and certain special charges which the trial court refused to give.

No claim is made in the briefs of either counsel as to the amount of the verdict being excessive.

The case was submitted to the jury upon the evidence and upon the charge of the trial court, including various special charges given at the request of the different parties to the suit.

A large number of special interrogatories were submitted to the jury by the trial court. The interrogatories submitted by plaintiff in error Kearney, and the answers of the jury thereto, are as follows:

"1. Was a lantern hanging on the rear of the truck of the defendant, Kearney, at the time of the accident? A. No.

"2. If there was a lantern hanging on the rear of the truck of the defendant, Kearney, at the time of the accident, did it have a light in it or was it not burning? (No answer.)

"3. What, if anything, was there to obstruct the defendant Fink's view as he approached the Kearney truck, if he looked ahead of him towards the truck? A. Nothing.

"4. Were the headlights on the Fink car burning

just before the time of the accident? A. Yes, bright lights.

"5. How far away from the rear of the Kearney truck was the automobile of the defendant, Fink, when the defendant Fink, could have seen the Kearney truck or any part of it if he had looked as he came along the highway towards the Kearney truck? A. 200 feet.

"6. Was the Kearney truck standing still or moving just before the accident? A. Standing still.

"7. If the Kearney truck was standing still, what caused it to move forward striking Charles W. Young and causing his injuries? A. Impact of Fink's car.

"8. What was the speed of the defendant, Fink's, car as it approached and at the time it struck the Kearney truck? A. 50 mi. per hr. or more.

"9. Could the defendant, Fink, after he saw or ought to have seen the Kearney truck, by the exercise of ordinary care have avoided striking the Kearney truck? A. Yes.

"10. Would the Kearney truck have run over the said Charles W. Young at the time of the accident if it had not been struck by the defendant, Fink's, automobile? A. No.

"11. What directly caused the Kearney truck to run against and over the said Charles W. Young? A. Impact of Fink's car.

"12. Did decedent, Charles W. Young, know the situation and the equipment of the Kearney truck before the accident? A. No.

"13. At the time of the collision had Charles W. Young and the driver of the truck, or either of them, removed the lantern from the rear of the truck and

was the said Charles W. Young then and there standing in front of the truck holding the said lantern? A. Yes and lantern removed by some one.

"14. If you find that the said Charles W. Young was holding the lantern in front of the truck at the time of the collision and that he or the driver had removed that lantern from the rear of the truck, leaving no light on the same, was it a place of danger for the said Charles W. Young to work or stand immediately in front of the Kearney truck? A. Slightly dangerous, but we have no reason to believe that C. W. Young knew there was no red light on rear of truck."

The interrogatories submitted by plaintiff in error Fink to the jury, and the answers given thereto, are as follows:

"1. Did the driver of the defendant, Kearney's truck, leave the said truck parked partially on the concrete portion of the highway prior to and at the time of the accident? Answer. Yes.

"2. If you answer question one in the affirmative, how far upon the concrete portion of the highway was the truck projecting? Answer. Two feet.

"3. Did the driver of the defendant, Kearney's truck, after learning that the truck was about out of gasoline, have an opportunity to drive the truck off of the concrete portion of the highway? Answer. No, account lack of gasoline and account of nearness of ditch.

"4. Did the driver of the defendant, Kearney's truck, leave the truck parked upon the highway, without a red light displayed from behind the truck, at the time of the accident? Answer. Yes.

"5. Was Mr. Fink driving his automobile at a

high, reckless, and dangerous rate of speed as he approached the scene of the accident? Answer. Yes.

"6. At what rate of speed was Mr. Fink operating his automobile just prior to the time of the accident? Answer. 50 miles per hr. or more."

The answers to said interrogatories are unusually clear and consistent, and are decisive of some of the legal questions which have been ably stressed by counsel. In other words, the objections to some of the special charges become unimportant as the charge in a number of cases could not be prejudicial in view of the findings of fact by the jury.

Among other things the trial court in one of the special charges requested by plaintiff below charged the jury as follows: "There may be more than one proximate cause of an injury. If you find, from a preponderance of the evidence, in this case, that both defendants J. W. Fink and J. C. Kearney, were negligent; that such acts of negligence were concurrent, jointly contributed to, and were the direct and proximate cause of the injury and death of Charles W. Young, and that he, the said Young, was free from negligence directly contributing to his injury and death, then your verdict should be against both defendants."

We think this charge stated the law correctly, and an analysis of the answers of the jury to certain special interrogatories clearly shows that the jury found that the injuries in question were received through the joint negligence of plaintiffs in error.

We have carefully considered all of the special charges as given, and objected to, and the charges requested and not given, and are of opinion there was no prejudicial error in the rulings of the trial

court upon such special charges. Some of the special charges requested were incomplete and therefore might have been misleading.

The general charge of the trial court fairly presented the real issues in the case to the jury for its consideration.

It is seriously urged that Charles W. Young contributed by his own negligence to the receiving of these injuries. Each of plaintiffs in error in effect claims he was free from negligence and that the accident in question was due to the negligence of the other and the contributory negligence of the deceased. Without attempting to quote from the testimony in detail, we think it sufficient to say that the jury found against the plaintiffs in error in such contention, and we are not prepared to say that such finding is contrary to the manifest weight of the evidence.

We have considered all of the errors urged by counsel for plaintiffs in error, either in the briefs or in the oral arguments, but finding no error in the record which we consider prejudicial to either of the plaintiffs in error, the judgment of the lower court will be affirmed.

*Judgment affirmed.*

ALLREAD and HORNBECK, JJ., concur.