## FRANKLIN ASPHALT & PAVING CO v MARSH

Ohio Appeals, 2nd Dist, Franklin Co

No 2200.   Decided Dec 9, 1932

Hamilton & Kramer, Columbus, and Alexander S. Dombey for plaintiff in error.

Cowan, Adams & Cowan, Columbus, for defendant in error.

ALLREAD, J.

This action was brought by Clara L. Marsh against the Franklin Asphalt & Paving Company for personal injuries result-ing from an automobile collision. The amount prayed for was $10,600.00 and costs. Upon the trial in the Court of Common Pleas, plaintiff recovered a verdict for $527.08. Motion for new trial was filed and overruled and judgment rendered on the verdict. The Asphalt & Paving Company prosecutes error. A number of legal questions are presented by counsel in the oral argument and in the briefs. It appears from the record in the case that Clara Marsh, on November 8, 1930, occupied an automobile driven by her husband upon a trip from Cleveland to Indianapolis; that in the course of the trip and about 7:00 to 7:30 o'clock in the evening the driver of the automobile entered upon a piece of new road which had recently been opened to the public. There were signs upon this road, at each end, warning the people that they traveled at their own risk. Neither plaintiff nor his wife, on account of the darkness, noticed these signs. They saw the road open and they entered and drove upon the road upon the assumption that it was open to public travel. About three miles after they entered upon the new road they came across a bridge upon which the plaintiff in error maintained what is known as a tool box. This box was upon wheels and was moved from place to place as it might be needed in the work. It was left according to plaintiff's evidence upon the bridge, and the location according to plaintiff's evidence was in the roadway about nine feet from the side of the bridge, or four feet from the line of the road. The plaintiff's husband was driving with his lights turned down to dimmers on account of another automobile approaching from the opposite direction. It is claimed and not denied that the tool box was left without lights. There was evidence, however, that a lantern was suspended near the corner of the tool box, and there is some evidence that the lantern was dimly burning. Neither the plaintiff's driver nor the plaintiff noticed the tool box located upon the road until they came within 25 or 30 feet of the tool box. The plaintiff's evidence tends to prove that the plaintiff's husband saw the tool box while he was driving at the rate of about 30 miles per hour. In order to avoid a collision with the tool box the driver turned the car somewhat abruptly across the middle of the road until he had passed the tool box and then he turned the car back to his proper side of the road, but in doing so the car came into collision with the car approaching from the opposite direction, resulting in the injury to plaintiff's wife and the injury to

the car which was registered in her name. We can not escape the conclusion that the Asphalt Company in the location of its tool box or house on the roadway was guilty of negligence contributing to the injury of the plaintiff in the court below. The evidence of the Asphalt Company tends to contradict this negligence but we think there was sufficient negligence to justify the court in submitting the case to the jury. It is claimed by counsel for plaintiff in error that the trial court should have directed a verdict in favor of plaintiff in error upon the ground of contributory negligence. This is the principal question in the case. Counsel cite the case of **Bloom v Leach, 120 Oh St, 239.** The syllabus of this case is as follows:

"(1) The doctrine of imputed negligence does not ordinarily apply in Ohio, an exception being when parties are engaged in a joint enterprise.

"(2) A 'joint enterprise' within the law of imputed negligence is the joint prosecution of a common purpose under such circumstances that each member of such enterprise has the authority to act for all in respect to the control of the agencies employed to execute such common purpose,

"(3) While in actions between a third party and any or all of the members of a joint enterprise, the doctrine of imputed negligence on the part of such members of the joint adventure may be invoked, the rule does not apply however, to an action by one member of the enterprise against another."

We think that the evidence in this case offered by the plaintiff does not establish as a matter of law imputed negligence on the part of plaintiff, but in the consideration of the case we may assume that the evidence upon the doctrine of joint enterprise does establish that the plaintiff, Clara Marsh is chargeable with the negligence of her husband and that she is liable for whatever negligence that may be ascribed to her husband in the driving of the car.

The question therefore is what negligence, if any, was her husband liable for in the management of the car? In his testimony he says he did not notice the signs on the road but entered upon the road as a public road; that he had no notice of any obstruction on the road until he came within 30 or 35 feet of the tool box, when he suddenly turned across the middle of the road to avoid a collision with the tool box. It is claimed that Marsh, as a driver of the car was bound to notice the tool box as a matter of law and that his failure to notice the tool box until it became so close as to be in danger of a collision is contributory negligence on his part. We can not reach this conclusion. Marsh testifies that the tool box was mounted upon wheels which placed the box about 2 feet from the bottom floor of the bridge, and was of a color that blended into the bridge and could not have been readily distinguished. Marsh, the driver of the car, had his bright lights on that enabled him to see 200 feet ahead of his car, but he turned them down upon the approach of the car from the opposite direction, so at the time Marsh approached the tool box, he was approaching with his dimmed lights. The tool box therefore was between the two approaching automobiles and it was a question for the jury as to the amount of care of Marsh, the driver of the car, should have exercised and did in fact exercise. The court could not hold him to contributory negligence as a matter of law for failure to see the tool box in time to have stopped. The court therefore properly overruled the request for a directed verdict and submitted the case to the jury. Certain cases have been decided by the Supreme Court in relation to the care required of the driver of a car approaching a parked car without lights. Among these cases is **Tresise v Ashdown, 118 Oh St, 307.** The syllabus in this is as follows:

"(1) In an action to recover damages for injuries claimed to have been sustained by the driver of a motor vehicle resulting from a collision with another motor vehicle parked at the right side of the highway at night with no light in the rear or other warning thereof, an instruction to the jury, that operation of such motor vehicle at such a rate of speed that the driver can not stop within the distance that an obstruction in the highway could be seen by his own headlights constitutes negligence per se, is erroneous."

It was held in that case,

"The better reasoning supports the view that conduct of a driver of a motor vehicle which is not shown to have been in violation of law or ordinance should not be declared to be negligent per se, but that each such case must be considered in the light of its facts and circumstances, and the usual tests applied to determine whether there was a failure to exercise ordinary

care in the operation of such motor vehicle. The question presented is one of fact, and should be determined by the jury under proper instructions."

Marsh as the driver of the car, upon seeing the opposite automobile approaching, was required to turn down his bright lights and rely upon his dimmers. This was done by Marsh and we think that under the authority of the Tresise case he was not guilty of contributory negligence as a matter of law but that the case was properly submitted to the jury. We are clearly of opinion that the case presented a question which was properly submitted to the jury and that the verdict as rendered should be sustained. Decree accordingly.

HORNBECK and KUNKLE, JJ, concur.

## ON MOTION FOR REHEARING

Decided Dec 21, 1932

BY THE COURT

Counsel for the plaintiff in error have filed a motion for a rehearing. This motion among other things makes the statement that the court did not pass upon all the errors assigned and specifically that it did not pass upon whether the verdict was against the manifest weight of evidence. We are of the opinion that we did pass upon whether the verdict was against the manifest weight of the evidence, but if we did not in the original opinion we now make the finding that the verdict is not against the manifest weight of the evidence and that there are no errors for which the judgment should be reversed. Counsel makes the claim in their application for rehearing that there was evidence from which the jury may have found that the accident happened at 6:15 and that no lights were required under the statute. But even if this is true the evidence clearly shows that the lights were upon both cars. There is some evidence tending to prove that the lights upon the tool box were burning dimly, and that darkness required the lights so that even if there is some testimony tending to show that the accident happened about 6:15 or 6:30, it is clearly apparent from the entire record that it must have been later and that the lights must have been required. There was no request that the trial court give a charge that the jury must consider the evi-

dence that the accident occurred at any earlier time than 7:00 o'clock nor was any special objection taken as to the statement of time.

We have carefully re-examined all the errors assigned and reach the conclusion that there is no prejudicial error and that the judgment should be affirmed. The motion for rehearing must, therefore, be overruled.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.