GLADYS BLESSING, Appellant, v. EDWARD R. WELDING and EDWARD A. WELDING, doing business as EDWARD WELDING'S GROCERY, Appellees.

No. 44755.

JUNE 20, 1939.

Lester C. Davidson and Robert J. O'Connor, for appellant.
Eskil M. Nelson and Milchrist & Marshall, for appellees.

HALE, J.—Plaintiff, the wife of the driver of one of the

automobiles involved in the collision, asks judgment against the defendants, claiming in her petition that on October 12, 1938, while a passenger in her husband's car being driven east on Correctionville road in Sioux City, she sustained injuries by reason of a collision with a car driven by one Elder Beckstrom from the north toward the south at the intersection of two highways. At the northwest corner of the intersection there is a stop sign on the north-and-south road. The defendants' truck was parked on the parking, or sidewalk, at the northwest corner of the intersection, immediately north of the stop sign, so that more than half of the truck was west of the west curb of Fairmont street (the intersecting street) so as to obscure such stop sign from the vision of drivers of cars coming from the north. Beckstrom, without stopping, proceeded into the intersection and struck the car in which plaintiff was a passenger, damaging the car and injuring the plaintiff.

Plaintiff sets out various grounds of negligence on the part of the defendants, among them alleging negligence in parking said truck so as to obscure the view from the north, and parking on the sidewalk instead of in the street; violation of section 383 of chapter 134 of the Acts of the Forty-seventh General Assembly, [section 5030.05, Code 1939] and violation of the city ordinance of Sioux City; permitting said truck to remain parked in a position where it constituted a dangerous menace to traffic on Fairmont street and Correctionville road. This is followed in the petition by the usual allegations in regard to contributory negligence; and claim for damages, the amount of which is changed by an amendment.

To the petition and amendment of plaintiff defendants interposed a demurrer, the grounds of which were that the alleged acts or omissions of defendants are wholly irrelevant and immaterial, and that the alleged negligence of defendants could not have been the proximate cause of plaintiff's injuries or damages as a matter of law.

Plaintiff then filed an amended and substituted petition containing the same allegations as in the original petition, with some slight change in the wording; and amplifying such allegations, alleging more specifically lack of knowledge by Beckstrom and knowledge of the intersection by the defendants, with some other unimportant allegations. The new petition, it is earnestly insisted by defendants, contains merely more extended charges

of negligence, or improper matters or conclusions. There are no new issues pleaded, or new grounds of negligence.

The order sustaining defendants' motion to strike was based solely on the ground that the amendment was merely a restatement of matters in the original petition. Plaintiff then elected to stand upon the pleadings, and the cause of action was dismissed. To all rulings of the court proper exceptions were preserved, and from such rulings plaintiff appeals.

I. By merely pleading a restatement of the original allegations of the petition plaintiff did not waive her exception to the ruling on the demurrer. This was not such a pleading over as would amount to a waiver. Having duly excepted and permitted judgment to be entered against her, she may properly urge on appeal her objection to such order.

If it affirmatively appears that the unsuccessful party did not waive the error in the ruling (on the demurrer), this is sufficient. Geiser Mfg. Co. v. Krogman, 111 Iowa 503, 82 N. W. 938; Watkins v. Railway Co., 123 Iowa 390, 98 N. W. 910; Wisner v. Nichols, 165 Iowa 15, 143 N. W. 1020, and cases therein cited and reviewed. See, also, Back v. Back, 148 Iowa 223, 125 N. W. 1009, L. R. A. 1916C, 752, Ann. Cas. 1912B, 1025; Hanson v. Carl, 201 Iowa 521, 207 N. W. 579.

Was the court correct in sustaining the demurrer?

Subsection 6, section 383, of chapter 134, Acts of the Forty-seventh General Assembly [section 5030.05, Code 1939], is as follows:

"No person shall stop, stand, or park a vehicle, except when necessary to avoid conflict with other traffic or in compliance with the direction of a police officer or traffic-control device, in any of the following places: * * *

"6. Within ten feet upon the approach to any flashing beacon, stop sign, or traffic-control signal located at the side of a roadway; * * *."

The ordinance of Sioux City referred to is as follows:

"No person shall stop, stand, or park a vehicle * * * in any of the following particulars: * * *

"(6) Within ten feet upon the approach of any * * * stop sign * * * located at the side of roadway."

The defendants having demurred to the petition, the

negligence of the defendants is thereby admitted, and the question before the court is whether or not the municipal court could, as a matter of law, hold that such negligence was not the proximate cause of plaintiff's injury.

II. The question of proximate cause has been before this court in almost every form. It does not appear, however, that the exact question submitted to us in this proceeding has ever been passed upon by the court. The effect of an intervening force has caused some of the most difficult problems in the past.

■ We have here a negligent act which it is claimed resulted in injury through the intervention of another force. Ordinarily it is said that where a second force intervenes, liability depends upon whether or not that second force may be anticipated to be the natural and probable consequence of the negligent act of the first party. The cases in Iowa where this question has come up are so many in number, and the conditions vary to such an extent, that to attempt to analyze all of them would be of little value. Among the later cases on this question is Judd v. Rudolph, 207 Iowa 113, 222 N. W. 416, 62 A. L. R. 1174. This was a case involving three cars, and, in substance, it holds that if the negligence of the operator of an automobile proximately operates to produce a damage, the operator is liable therefor even though another concurring cause operates at the same time to bring about such damage, and in such case it is quite immaterial whether the concurring cause was or was not negligently put into operation. Citing Rice v. Whitley, 115 Iowa 748, 750, 87 N. W. 694, 695, wherein it is stated:

"If defendants' original and continuing wrong operated proximately in producing the damage, they are liable, even though there was another concurring cause operating at the same time to bring about the result." Citing Gould v. Schermer, 101 Iowa 582, 70 N. W. 697.

See Judd v. Rudolph, supra, with cases cited.

In the case of Fishburn v. Railway Co., 127 Iowa 483, 490, 103 N. W. 481, 484, the court says:

"The mere fact that another cause intervened between defendants' negligence and plaintiff's injury is not enough to relieve the former from liability if the intervening act was of such nature that its happening was to have been apprehended.

Stated otherwise, the intervening cause will not relieve the original negligence of its actionable quality if the occurrence of the former might have been anticipated."

See, also, Fitzgerald v. Des Moines City R. Co., 201 Iowa 1302, 207 N. W. 602; Godbey v. Grinnell E. & H. Co., 190 Iowa 1068, 181 N. W. 498; Buehner v. Creamery Package Mfg. Co., 124 Iowa 445, 100 N. W. 345, 104 Am. St. Rep. 354; Burk v. Creamery Pkg. Mfg. Co., 126 Iowa 730, 102 N. W. 793, 106 Am. St. Rep. 377; Ives v. Welden, 114 Iowa 476, 87 N. W. 408, 54 L. R. A. 854, 89 Am. St. Rep. 379, all of which cases are cited by the plaintiff.

We believe the rule to be that where the act of a third party, even if it is negligent, intervenes between the original negligence of defendant and the injury, there is proximate cause if, under the circumstances, an ordinarily prudent man could or should have anticipated that such intervening act, or a similar intervening act, would occur.

The case of McClure v. Richard, 225 Iowa 949, 282 N. W. 312, is not in conflict with this rule. In that case there was a distinct intervening cause. The court properly held that the negligence of the defendant did not concur with the act of the other driver, that they were separate and independent acts, and that the act of the driver of the first car, while negligent, in effect had nothing to do with the negligent act of the second driver. The facts were very different from the facts in the case at bar. The negligence of the defendants in this case in parking in violation of law so as to obscure the stop sign, and which negligence is admitted, was a continuing negligence, in operation at all times while the truck was so parked, and the question arises whether the result of such negligence is such as would be reasonably anticipated.

In the Restatement of the Law of Torts, p. 1196, sec. 447, the law as to proximate cause and intervening cause is concisely stated:

"The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if

"(a) the actor at the time of his negligent conduct should have realized that a third person might so act, or

"(b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted, or

"(c) the intervening act is a normal response to a situation created by the actor's conduct and the manner in which it is done is not extraordinarily negligent."

 . Section 449, p. 1202, further lays down the rule:

"If the realizable likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious or criminal does not prevent the actor from being liable for harm caused thereby."

These rules are the general rules. As always the difficulty is in the application. However, the question has arisen in other states, the general holding being that such obstruction may be considered as proximate cause. See Lyle v. Fiorito, 187 Wash. 537, 60 P. 2d 709; Milbury v. Turner Centre System, 274 Mass. 358, 174 N. E. 471, 73 A. L. R. 1070; Winsky v. De Mandel, 204 Cal. 107, 266 P. 534; Hansen v. Houston Electric Co., Tex. Civ. app., 41 S. W. 2d 77; Szabo v. Tabor Ice Cream Co., 37 Ohio App. 42, 174 N. E. 18, 20. In the latter case, the court states:

"Unquestionably the intervention of the negligent act of the driver of the New York automobile had an important part in causing the injury to the plaintiff, but it is just as true that the violation of the ordinance on the part of the defendant in parking its delivery truck as it did, in the place where it was, likewise had an important part in causing the injury."

In the case of Coca-Cola Bottling Co. v. McAnulty, 185 Ark. 970, 50 S. W. 2d 577, 578, where the facts were somewhat similar to those in the case at bar, the court said:

"There was ample evidence to support the finding of the jury that the injury to appellee would not have occurred if the truck had not been so parked as to obstruct the highway. If it did obstruct the highway when parked there, and this obstruction was negligence, it was a continuing act of negligence up to the time of the injury, and whether it was negligence, and whether the injury would not have occurred but for this negligence, were questions for the jury." Citing various authorities.

To the same effect, see Franklin Asphalt Paving Co. v. Marsh, 44 Ohio App. 168, 184 N. E. 768; Paup v. American Telephone & Telegraph Co., 124 Neb. 550, 247 N. W. 411; Fink v. Young, 39 Ohio App. 95, 177 N. E. 286. See, also, Dedina v. Chicago, M., St. P. & P. R. Co., 220 Iowa 1336, 264 N. W. 566; Wright v. Chicago, R. I. & P. R. Co., 222 Iowa 583, 268 N. W. 915.

III. It is claimed by the defendants that Beckstrom knew, or should have known, that the intersecting street, Correctionville road, was a main arterial highway, and that it would follow that the fact that the stop sign was obscured would therefore make no difference in his duty as to stopping at such place, or in the result. The defendants urge that he was bound to take notice of it, and therefore knowledge of the situation would be imputed to him. This, however, can hardly have been true. To so hold we must discard any consideration of the purpose of stop signs. The posting of signs in cities is the only guide that motorists unacquainted with a vicinity can have in operating their cars. They are so required by law. See section 268 of chapter 134, Acts of the Forty-seventh General Assembly, [Section 5018.02, Code 1939] which holds that no ordinance as to local traffic regulations shall be effective until such signs are posted.

Other matters are discussed which need not be considered here. Certain cases cited by defendants do not apply to the facts in this case, nor does the question of evidence. Our inquiry is whether or not the ruling on the demurrer was correct.

The question of proximate cause as a general rule is a question of fact. The same rule applies as in other questions of fact. This has been determined so many times that it is hardly necessary to cite authority therefor. See Lunde v. Cudahy Packing Co., 139 Iowa 688, 117 N. W. 1063; Swain v. Chicago, R. I. & P. R. Co., 187 Iowa 466, 174 N. W. 384; Huffman v. King, 222 Iowa 150, 268 N. W. 144, and cases therein cited.

The violation of both the state law and the ordinance is pleaded. We must assume, therefore, for the purpose of the demurrer, that the truck was parked within the prohibited distance and did obscure the sign.

In view of the facts conceded by the demurrer, we are

of the opinion that the action of the court in sustaining the demurrer, as well as in striking the subsequent pleading, was erroneous. Under our holdings we are of the opinion that the ruling of the trial court should be reversed.—Reversed and re-manded.

SAGER, BLISS, MILLER, RICHARDS, and STIGER, JJ., concur.

MITCHELL, C. J., and OLIVER, J., dissent.