ENGLISH, APPELLEE, *v.* AUBRY, APPELLANT, ET AL.

(No. 4451—Decided May 1, 1950.)

*Mr. J. I. O'Connor* and *Mr. Dan H. McCullough,* for appellee Howard English.

*Mr. Ralph Emery* and *Mr. Harold C. Moan,* for appellant.

*Mr. Ned W. Thomas,* for appellee John J. Kennedy, Jr.

CONN, J.  This is an appeal on questions of law by defendant Richard Aubry from a judgment entered jointly against him and defendant John J. Kennedy, Jr., in the Court of Common Pleas.  Defendant Kennedy did not appeal.

The principal error assigned and relied on by defendant Aubry is the overruling of his demurrer to

plaintiff's amended petition by reason of misjoinder of parties defendant and causes of action.

The trial court granted defendant's motion to separately state and number the several causes of action. The amended petition contains four causes of action. It is set forth in the first that on July 3, 1948, at about 3:30 a. m., plaintiff was operating his motor vehicle in a northerly direction on Bennett road, and, as he arrived at a point on the road a short distance south of the place where he resided, was about to make a left turn from the easterly side of the road and was moving about 5 miles per hour, he "was violently struck by a 1948 Pontiac automobile driven by defendant Richard Aubry and immediately thereafter by a 1935 Ford automobile driven by defendant John J. Kennedy, Jr., both of which were driven in a northerly direction along Bennett road at a high and dangerous rate of speed, to wit: about 60 miles per hour, badly damaging plaintiff's automobile, causing the same to catch on fire and severely injuring plaintiff and his wife, who was a passenger in plaintiff's automobile at the time.''

It is alleged further that plaintiff's injury and damage were the proximate result of the negligence of defendants in the several particulars set forth in the amended petition.

In the second cause of action plaintiff sets forth his claim against defendants for loss sustained by reason of injuries to his wife resulting in her death August 2, 1948. Damages sustained by reason of expenses incurred, pain and suffering, and loss of earnings are separately set forth in the third cause of action. Damages to plaintiff's automobile are separately pleaded in plaintiff's fourth cause of action.

There is credible evidence that the defendants, shortly before the collision and while traveling easterly on

Sylvania avenue and before they reached Bennett road, were operating their automobiles "abreast of one another" and at a "high rate of speed"; that after defendants turned into Bennett road they were observed "running side by side" when they were within 500 or 600 feet of the place where the collision with plaintiff's automobile occurred; and that at that time they were traveling "between 60 and 65 miles per hour."

Defendant Aubry's automobile was damaged at the end of the right rear fender and bumper and the front end of defendant Kennedy's automobile was demolished, indicating a collision between the front end of the latter car with the rear of plaintiff's car.

Police officers promptly arrived at the scene of the accident, and one of them testified that he found "a swerving skid mark that started just about on the center line of the street and swerved toward the west curb within a very short distance of the curb and then straightened out toward the center of the street again and then we found the debris in the center of the street"; and that the marks consisted of two solid lines and extended a distance of 124 feet. The pavement was dry.

Plaintiff testified that the paved portion of Bennett road is 36 feet wide; that as he approached his residence he reduced his speed to about 5 miles per hour and gave a signal, outside his car, for a left turn; that he heard "motors" from behind the "rear"; that he started to pull over toward the easterly curb to give room to pass; that the defendant Aubry's automobile struck his left rear fender; and that there were two impacts and plaintiff's automobile was driven ahead about 90 feet and partly over the east curb of the street.

The evidence offered by defendants was in sharp conflict. However, it was the province of the jury to

weigh the evidence and give credence to the testimony of plaintiff and his witnesses. The evidence offered by plaintiff tended to show that the damages sustained by him resulted proximately from the failure of defendants to observe a common duty owing plaintiff, and that the collision was the direct consequence of concerted action and concurring negligence of defendants.

It is a rule of general application that where two or more persons by concurrent acts violate a common duty owing another, proximately resulting in a single, indivisible injury to such person, they may be held liable for the full amount of damage growing out of such tortious conduct, and the party sustaining the loss may proceed against one or join two or more in a single action. 30 Ohio Jurisprudence, 768, Section 46; 39 Ohio Jurisprudence, 236, Section 27; 4 Restatement of the Law of Torts, 452, Section 882; 39 American Jurisprudence, 909, Section 40; 47 Corpus Juris, 79, Section 161.

Any issue of misjoinder arising when two or more tort-feasors are joined as parties defendant is ordinarily determinable on the peculiar facts in each case. It appears in later cases that the rule requiring a common purpose, common duty, or joint or concerted action has been given greater liberality in permitting joinder of defendants in tort actions. Compare *Larson* v. *Cleveland Ry. Co.,* 142 Ohio St., 20, 50 N. E. (2d), 163; *Wery* v. *Seff,* 136 Ohio St., 307, 25 N. E. (2d), 692; *Blanton, Admr.,* v. *Sisters of Charity,* 82 Ohio App., 20, 79 N. E. (2d), 688; *Fink* v. *Young, Admx.,* 39 Ohio App., 95, 177 N. E., 286.

In the instant case, if it may be said that the allegations of the amended petition and all reasonable inferences that arise therefrom do not disclose any concert of action between the defendants, it appears there

is substantial evidence of concurrent conduct in that the defendants were racing and driving abreast on Bennett road immediately preceding the collision with plaintiff's automobile. This evidence was received without objection.

In view of this state of the record, the overruling of the demurrer in the first instance was not prejudicial to defendant Aubry, as the trial court had the power under the liberal provisions of the Code (Section 11363, General Code) to permit plaintiff to amend his pleading to correspond with the evidence. No amendment was requested and none was made, but the trial proceeded as if this had been done.

We have examined the cases relied on by Aubry. It is not practicable to analyze each case separately. From our study of those cases it appears that the conclusion reached in each instance was grounded on a fact situation readily distinguishable from the facts now before us.

In view of the conclusion we have reached in sustaining the trial court's ruling on the issue of misjoinder, the related assignments of error, to wit, the overruling of defendant Aubry's motion to require plaintiff to elect which defendant he would proceed against, the refusal of the trial court to direct the jury to return a verdict for defendant Aubry, the court's refusal to give before argument special request No. 3, which was renewed following the general charge, the refusal of the court to instruct the jury to answer special interrogatories Nos. 3 to 8, inclusive, and the overruling of the motion of Aubry for a judgment notwithstanding the verdict, are each and all not well taken and should not be sustained.

Aubry points out that, adding the maximum amounts which could be allowed on the first, third and fourth causes of action, the total would be less than $14,000,

and that the verdict of the jury, being for $22,000, included an award of over $8,000 for loss of services of plaintiff's wife for one month and was so excessive as to show passion and prejudice. The trial court found that the verdict should not have been for more than $13,500, ordered a remittitur accordingly, and determined that the verdict "was not given under passion or prejudice."

It is our opinion that the jury was confused in making up its total verdict by reason of the separate causes of action, so designated, and the maximum amounts recoverable as to each. It does not appear that the verdict of the jury was given under the influence of passion and prejudice or that it is manifestly against the weight of the evidence.

The general charge of the court appears to adequately cover the issues raised on the pleadings and the evidence and is free from prejudicial error.

The court was requested to order a remittitur of $500, the amount awarded plaintiff for damages to his automobile as claimed in his fourth cause of action. This request for a remittitur arises by reason of plaintiff's failure to offer proof of ownership pursuant to the rule announced in *Mielke* v. *Leeberson,* 150 Ohio St., 528, 83 N. E. (2d), 209. The request for a remittitur of $500 should be granted.

It is our opinion that none of the errors assigned are prejudicial to defendant Aubry, and that the judgment should be affirmed.

*Judgment affirmed.*

CARPENTER and FESS, JJ., concur.

CARPENTER, J., concurring. In addition to the reasoning stated by Judge Conn, in all of which I concur, I suggest that the record in this case gives rise to a

striking application of the substantial justice statute, Section 11364, General Code, especially as interpreted in the recent decision of *Hallworth* v. *Republic Steel Corp.*, 153 Ohio St., 349, 91 N. E. (2d), 690. The premise of that statute is expressed in its first two sentences:

"In every stage of an action, the court must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party. No judgment shall be reversed, or affected, by reason of such error or defect."

Assuming, but not saying, that the demurrer to the amended petition should have been sustained on the ground that there was a misjoinder of parties defendant, and that there was error in the court's refusal to grant Aubry's motion to require the plaintiff to elect against which defendant he would proceed, and in the charge of the court upon concert of action by the defendants immediately before the collision and concurrence in causing plaintiff's damages, the only action this court could take would be to reverse the judgment and remand the cause for further proceedings.

Then, as would undoubtedly happen with all this pointed out to him, the plaintiff would remember that early in the trial two witnesses who were near Bennett road, one said 400 the other 500 or 600 feet from the place of collision, testified without objection that they saw the automobiles of these defendants pass them at a speed of 60 to 65 miles per hour. One testified that they were "side by side" and "there wasn't a split second when they—we seen a fire and I called in for the fire department." The other witness said the automobiles were "abreast" and that it was "just a matter of seconds" when the collision and fire took place.

From this evidence the obvious inference was that

the defendants were racing at night on that important city street. Before a retrial, the plaintiff would undoubtedly amend his petition and expressly charge the defendants with concerted and concurrent negligent conduct which caused his damages. On the retrial, the evidence, particularly that of the two witnesses above quoted, would be the same as it was in this trial.

We do not have to guess or assume what the verdict of a jury would "probably" be on that evidence, the verdict in this case tells us that. In this respect, this record differs from that which Judge Taft discussed in *Hallworth* v. *Republic Steel Corp., supra,* where the court in paragraph three of the syllabus said:

"Generally, in order to find that substantial justice has been done to an appellant so as to prevent reversal of a judgment for errors occurring at the trial, the reviewing court must not only weigh the prejudicial effect of those errors but also determine that, if those errors had not occurred, the jury or other trier of the facts would probably have made the same decision."

The evidence above quoted having been received without objection, as stated by Judge Conn in regard to an amendment of the petition which could have been made at that early stage of the trial, "the trial proceeded as if this had been done," and, I would add, substantial justice was done.