RUBIN v RAINBO BAKING CO.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 6132. Decided June 29, 1942.

Benjamin S. Schwartz, Cincinnati, for appellant.

Cohen, Mack & Hurtig, Cincinnati, for appellee.

## OPINION

By ROSS, J.

Appeal on questions of law from a judgment of the common pleas court of Hamilton county in favor of the defendant, rendered immediately after the opening statement of counsel for plaintiff.

Both the opening statement of counsel for plaintiff and the reasons of the court for granting judgment for the defendant are incorporated in the bill of exceptions.

From such opening statement it appears that the plaintiff is the wife of the driver of an automobile hereinafter designated as the Rubin car. She was a guest rider in her husband's car and obvious-ly is not responsible for any negligence or lack of judgment of her husband as the driver of the Rubin car, in which she was such guest.

It further appears that her husband drove the Rubin car north on John Street, which extends northwardly and southwardly in the City of Cincinnati, and caused the car to proceed to the left or westwardly over Sixth Street, which extends eastwardly and westwardly across John Street. Sixth Street is forty feet in width. Street car rails are placed in the center of the street. There is only one track—the street cars proceeding only westwardly on Sixth Street. It appears further that a motor truck of the defendant was parked directly south of another motor vehicle which was against the north curb of Sixth Street some fifty feet west of the west curb of John Street. In other words, the truck of the defendant was "double-parked" southwardly into Sixth Street. It was stationary during the entire period herein involved. Any vehicle, therefore, attempting to pass the defendant's truck would be compelled to pass well out in the center of Sixth Street and the plaintiff's husband in proceeding west on Sixth Street was so compelled to drive the Rubin car into the center lane on Sixth Street, in order to continue his course westward. The defendant's truck was parked in violation of the ordinances of the city of Cincinnati, and, for the purpose of this phase of the case, it may be conceded, as so parked, rendered its owner, the defendant, guilty of negligence per se. As the Rubin car was passing the defendant's truck another automobile driven eastwardly on Sixth Street, which automobile will hereinafter be designated as the Penman car, as it approached the Rubin car skidded, struck the Rubin car, and drove it into the

defendant's truck. The plaintiff's counsel specifically stated in his opening statement that the plaintiff was not injured by the impact of the Penman car with the Rubin car, but was only injured when the Rubin car struck the defendant's truck. This statement is ignored by the trial court in stating its reasons for instructing a verdict. The court from such statement predicated its conclusion that the defendant's negligence was not the proximate cause of plaintiff's injuries upon the absence of allegations that the mere presence of the defendant's truck double-parked proximately caused the plaintiff's injuries. It was the evident impression of the trial court that the plaintiff based her case upon the mere fact that her husband, driving the Rubin car, was compelled to go out into the center of Sixth Street and because the defendant's truck was double-parked could not swerve the Rubin car to the north and right and thus avoid a collision with the Penman car. Such conclusion is not justified by the statement of the plaintiff's counsel. We quote from the bill of exceptions:

"The evidence will show that about one foot of the Penman machine on its left side hit about one foot of the Rubin machine on its left side. The evidence will show when the Rubin machine was hit it was thrown against the Rainbo truck and backwards. In other words, its right side went up against the Rainbo truck and backwards **and the Penman machine went on down and stopped.** The evidence will show that Mrs. Rubin, when the Penman machine hit her, was still in her seat but when she hit up against the Rainbo truck, and she was on the side

toward the Rainbo truck, the jar against the truck threw Mr. Rubin away and threw Mrs. Rubin up against the windshield where she received her injuries. Her leg was up against the dashboard." (Emphasis ours.)

And, again, plaintiff's counsel states:

"As I said before, about three seconds elapsed from the time the machine started to skid until it hit. When I say hit I mean the Penman machine; about three seconds elapsed from the time the Penman machine started to skid until it hit the Rubin machine, which would give Mr. Rubin ample time to turn to the right and get out of the way of the Penman machine if the Rainbo truck had not blocked his way. That the Rubin machine was under full control; that the Penman machine, as I said, was just starting to come out of its skid at the time it hit the Rubin machine. The evidence will show that the machine, the Rubin machine, **was jammed in so badly that the people had to come over and open the doors.** They could not be opened from the inside, and Mrs. Rubin taken out of the machine in a dazed condition. Her face was bleeding, **her right knee was also bleeding,** x x x" (Emphasis ours.)

Now it is apparent from these quotations that while plaintiff's counsel did state that the driver of the Rubin car was prevented from going to the right that the plaintiff's injuries were proximately caused by the presence of the defendant's truck, so double parked.

Neither speculation nor conjecture is required to permit the reasonable inference that had it not

been there the injuries to plaintiff would not have occurred. This is simply stating in another way facts which present a jury question as to whether the conceded negligence of the defendant proximately caused the injuries to plaintiff.

The plaintiff is entitled here to the most favorable interpretation the facts stated will permit, giving them all fair reasonable inferences and intendments. Neckel v Fox, 110 Ohio St 150, 152; Reitenbach v Botzum Theatres Co., 18 Oh L. Abs., 310; Haynes v Barnes, 32 Oh L. Abs 274.

A trial court has no greater right to instruct a verdict at the close of an opening statement than it would at the close of the evidence if the facts stated or proved were in the appropriate situation such as to cause reasonable minds to differ as to whether proximate cause was stated and proved.

The rule as to instructing verdicts is well stated in Hamden Lodge, etc. v Ohio Fuel Co., 127 Oh St 469.

If the statement of facts merits the analogous requirement the trial court is limited as to the opening statement in the same manner.

We do not find ourselves in a position to state as a matter of law that when the plaintiff's counsel stated the Rubin car was precipitated against a truck negligently left in the street that a jury would not be permitted to find that the negligent presence of such truck could not be the proximate cause of injuries which such counsel states he will prove were directly and solely caused by the impact of the Rubin car with the truck.

This court has sustained a verdict based upon injury caused by one unlawfully parked and static truck in the case of Yungbluth v McDonald, et al., 35 O. L. R. 403.

The fact that some other cause than the negligence of the defendant contributed to cause plaintiff's injury is no basis for the action of the trial court in the instant case. Ohio Bell Tele. Co. v Lung, Admx., 129 Ohio St., 505, 510, citing Hocking Valley Ry. Co. v Helber, Admr., 91 Ohio St., 231.

In Matz, Admr. v Curtis Cartage Co., 132 Ohio St., 271, the 11th paragraph of the syllabus is:

"11. Where the evidence adduced gives rise to conflicting inferences as to whether the negligence of the defendant tort-feasor was the proximate cause of injury and damage to the plaintiff, a question of fact is presented for the determination of the jury under instructions of the court."

It is our conclusion that the statement of counsel for the plaintiff contained allegations of facts which if proved, would present a question for a jury and that, therefore, the trial court committed prejudicial error in instructing a verdict for the defendant at the close of the statement of counsel for plaintiff and that its judgment must, therefore, be reversed and the case remanded for trial.

MATTHEWS, PJ., concurs.