## FRANZ, Appellee v. LEVINE, Appellant.

Ohio Appeals, First District, Hamilton County.

No. 6276. Decided June 1, 1943.

Mr. Fyffe Chambers, Cincinnati, for appellee.
Messrs. Dolle, O'Donnell & Cash, Cincinnati, for appellant.

## OPINION

By MATTHEWS, J.

The Municipal Court of Cincinnati rendered judgment for the plaintiff for $223.00 as damages caused to his automobile in a collision with an automobile operated by the defendant. The Court made a separate finding of facts and conclusions of law. The question presented here is whether these findings support the judgment. The Court found:

"That on or about November 2, 1943, at about 4 P. M. plaintiff's wife, Marie Franz, a licensed automobile driver, was

driving plaintiff's Chevrolet Sedan east on Forest Avenue, a through Thoroughfare outside of the business portions, in the City of Cincinnati, Ohio, at a rate of speed between 20 and 30 miles per hour; that said Marie Franz had a full view ahead and saw no cars stopped on either side of Wilson Avenue, as she approached the intersection of Wilson and Forest Avenues; that defendant's car, which he was driving southwardly on Wilson Avenue, which intersects said Forest Avenue at right angles, also in the City of Cincinnati did not stop but went through the stop sign and across Forest Avenue, having no regard for the rule of the road to stop at through thoroughfares; that said stop sign was located at the northwest corner of Wilson and Forest Avenues, but at the time defendant drove through said intersection, and was not visible to him or any other traffic in his position because it was blocked by a Defense Barrel which had been placed by somebody other than the defendant in front of said sign; and that the Chevrolet car of the plaintiff was damaged to the extent of $223.00.

"The Court concludes from the aforesaid facts that the defendant was negligent in driving past said stop sign, that his negligence in that regard caused the accident, that plaintiff is entitled to a judgment in the sum of $223.00."

It is claimed that as the stop sign was not visible to the defendant, without his fault, he cannot be held to be negligent in failing to observe it, and in support of that claim counsel quotes from Blessing v Welding, 226 Ia., 1178, at 1185:

"It is claimed by the defendants that Beckstrom knew, or should have known, that the intersecting street, Correctionville Road, was a main arterial highway, and that it would follow that the fact that the stop sign was obscured would therefore make no difference in his duty as to stopping at such place, or in the result. The defendants urge that he was bound to take notice of it, and therefore knowledge of the situation would be imputed to him. This, however, can hardly have been true. To so hold we must discard any consideration of the purpose of stop signs. The posting of signs in cities is the only guide that motorists unacquainted with a vicinity can have in operating their cars. They are so required by law."

An examination of the facts in Blessing v Welding discloses that the court made that statement in an action in which the defendant had so parked his automobile as to obstruct the view of a stop sign, and as a result, it was claimed, that a third person's automobile struck the plaintiff's automobile in the intersection. In other words, if this action had been instituted against the person who placed the barrel so as to hide the stop sign the facts would have been identical with the facts in Blessing v Welding. In that case the court held that the parking of the automobile so as to hide the stop sign, contrary to law, was a proximate cause of the collision between the other automobile notwithstanding the intervening negligent act of the automobilist in disregarding the right of the plaintiff traveling on a through thoroughfare or arterial highway. The court did not say that the automobilist who disregarded the right of the traveler on the arterial highway was not negligent but did say that the person who unlawfully obstructed the view of the stop sign was also negligent and that his negligence contributed to the proximate cause of the collision.

While the conclusion of the court does not in terms cover the entire finding of facts we believe it is sufficient to support the judgment. The court does find that the defendant drove through without stopping before entering the through thoroughfare and that her negligence caused the collision.

It is true that by §§6310-30 and 6310-32 GC, there is a proviso attached to the right of municipalities to designate through thoroughfares, that legible and appropriate signs shall be erected, but the fact that some one places something in the street that obstructs the view does not annul the designation. A motorist appraching an intersection and seeing such an obstruction should in the exercise of reasonable care anticipate that a sign might be hidden and not proceed until he had learned the fact.

It should also be observed that the finding of facts also discloses that the defendant failed to yield the right of of way to the person approaching from the right.

For these reasons, the judgment is affirmed.

ROSS, P. J., and HILDEBRANT, J., concur.