**STEELMATERIALS CORP., ETC., Plaintiff-Appellee, v STERN, ETC., Defendant-Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 68555. Decided November 17th, 1947.

542

Weinberger & Grad, Cincinnati, for appellee.
Samuel Plotnick, Cincinnati, for appellant.

## OPINION

By ROSS, J.

This is an appeal on questions of law from a judgment of the Municipal Court of Cincinnati, entered in favor of the plaintiff upon a verdict, instructed at the close of all the evidence.

Certain procedural irregularities require consideration and claims thereupon disposition before proceeding to the principal assignment of error.

The trial court erroneously refused to permit the defendant to interpose a conditional motion for an instructed verdict. The plaintiff made such motion at the close of all the evidence. The defendant, before the court had ruled upon plaintiff's motion, also made a motion for instructed verdict but stated it was made with the condition that if overruled the defendant should have the right to go to the jury. This action was taken in order to avoid submission of the case to the court. (First National Bank v Hayes & Sons, 64 Oh St 100.) That a party may properly make his motion for an instructed verdict so conditioned is clearly indicated, in Buckeye Bldg. & Loan v Schmidt, 131 Oh St 132, Levick v Bonnell, 137 Oh St 453. See, also: 39 O. Jur., Trial, Sec. 220, p. 877.

The trial court was in error in refusing to accept the motion of the defendant for an instructed verdict, because it was accompanied with the reservation of a right to go to the jury, if overruled. However, this error was not prejudicial, unless such motion should have been granted. It will be necessary to determine from the evidence in the record (1) whether the motion of plaintiff for an instructed verdict was properly granted (2) whether a like motion made by defendant should have been granted, although there is some doubt from

an examination of the record whether or not the defendant withdrew his motion.

In passing upon the plaintiff's motion, the defendant is. entitled to the benefit of the most favorable construction of all the evidence (**Wilkeson, Admr., v Erskine & Son, 145 Oh St 218**) and any conclusion thereon must be sustained by evidence requiring inferences upon the existence of which reasonable minds could not differ. **Hamden Lodge v Ohio Fuel Gas Co., 127 Oh St 469; Wilkeson v Erskine & Son, 145 Oh St 218, 229, supra.**

In the amended bill of particulars it is alleged that the plaintiff sold to the defendant certain described merchandise upon authority received from the "Navy Material Redistribution and Disposal Office," that the total value of such merchandise was $791.28, upon which sum the defendant paid $245.00, leaving a balance due of $546.28, for which judgment was prayed.

The defendant filed a statement of defense in which the bid and initial payment of $245.00 were admitted. It is alleged, however, that the entire balance of purchase price was paid to the defendant "on February 5, 1946, immediately preceding release of the material to the defendant, and no part of the purchase price of said goods and materials remains unpaid."

Defendant further, denied plaintiff had the right to do business in the State of Ohio.

No reply was filed to this statement of defense.

The rules of the Municipal Court of Cincinnati do not provide for automatic denial of the allegations of new matter in a statement of defense in the type of action herein involved. It is the claim of the plaintiff that the case was tried as if a reply had been filed. This claim will be considered with other questions presented by the state of the record before this court.

In connection with the principal question involving the propriety of the instructed verdict in favor of plaintiff, it appears that the chief claim thereon is that the defendant failed to prove authority in the employee of plaintiff to receive payment of the balance of the purchase price upon delivery of the materials.

From the transcript of the evidence it appears that the defendant was called, as upon cross-examination, and testified that he had submitted the bid and paid the deposit as alleged and obtained all of the materials.

The treasurer of the plaintiff company testified that he knew the amount due from the defendant, and that the amount had not been paid. The defendant objected to this

testimony on the ground that it did not constitute the best evidence. His objection was overruled. No error appears in such ruling. On cross-examination, the treasurer of the plaintiff testified that the materials involved were located at "our Elmwood Plant" (some distance from the main office of the company) that he did not know what went on at the "Elmwood Plant," and that if money had been paid there and not turned over to him as treasurer he would be unaware of such payment, that no one at the Elmwood Plant had the right to receive any payment. No objection was made to the question or answer covering this statement, which, of course, tends to negative the affirmative defense of payment set up by the defendant in his statement of defense. It would appear, therefore, that the defendant did accept the position of plaintiff at the trial as if a reply had been filed.

Licenses showing the right of plaintiff to do business in Ohio were introduced in evidence.

It appears further from the testimony of the treasurer that a man by the name of Gerber, an employee of the plaintiff, had charge of the "Elmwood Plant" where the materials for sale were stored, and had the right to release the materials to the defendant, but had no right to receive payment therefor.

A Lieut. Commander of the Navy testified for the defendant that certain typewritten forms covering the transaction involved were given the defendant. These forms were admitted in evidence. From these, it appears that the defendant was invited to make a bid on certain materials listed in the forms, which materials were located at the "Elmwood Plant" of the plaintiff, that the bid was to be made to the Navy Office, that inspection of materials could be arranged by contacting William Gerber, the employee of plaintiff in control of the plant.

The defendant then testified that the plaintiff had requested that he obtain the materials from the "Elmwood Plant" and take them away, that he went to the plant, saw Gerber (who was seated at the trial table during the trial and after an order was made excluding witnesses) that he had seen Gerber when inspecting the goods before making his bid, that he obtained the materials from Gerber, that he had to wait a half hour before settlement was made, that he paid the balance due, (the amount now claimed by plaintiff) in cash to Gerber, and obtained a release of the materials, that the payment was made in the plaintiff's office of the plant, that two other employees of plaintiff were also present in plaintiff's office at the time payment was made, that defendant did not

know their names, that defendant's father was also present and one of defendant's employees, who has since moved away to an address unknown to defendant, that when going out of the plant he was stopped by the gateman, who permitted him to pass when he showed the releases given him by Gerber, that he, the defendant was an ex-service man and had had no previous experience in such transactions, that no demand was made upon him for the balance claimed due until some eight months after he had paid the balance upon taking the goods from the Elmwood Plant, and that at that time the plaintiff demanded the **entire** purchase price with no credit for the deposit, that he told plaintiff how he had paid for the materials, that later, after conference with plaintiff at their Cincinnati office, plaintiff admitted credit for the deposit and demanded the balance.

On cross-examination, the defendant stated that Gerber called several persons, including the "home office" on the phone before giving the defendant the releases, that the defendant is unable to locate the releases and a receipt, marked paid in full, the same having become mislaid in his files in the eight months intervening between receipt of the goods and demand for payment.

The father of defendant corroborated payment of the balance to Gerber and the release of the goods by him.

It is apparent from a review of the transcript of the evidence that factual issues were thus presented, involving whether the defendant had paid for the materials and whether the employee of the plaintiff had actual or apparent authority to receive such payment. These factual issues should have been submitted to the jury under proper instructions and the trial court committed error, prejudicial to the defendant in instructing a verdict for the plaintiff upon evidence which suggested inferences upon which reasonable minds might differ. See, 127 Agency, 2 Am. Jur., 103.

The judgment of the Municipal Court of Cincinnati is reversed and the case remanded to that court for trial.

MATTHEWS, PJ, ROSS and HILDEBRANT, JJ, concur in Syllabus, Opinion and Judgment.