CASHEN, APPELLEE, v. DUNKEL ET AL., APPELLANTS.

(No. 656—Decided October 13, 1953.)

*Messrs. Ramsey & Didelius* and *Messrs. Merchner & Holzaepfel,* for appellee.

*Messrs. Flynn, Py & Kruse* and *Mr. Clarence E. Moyer,* for appellants.

DEEDS, J. This appeal is on questions of law from a a judgment of the Court of Common Pleas of Erie County. The parties will be referred to herein as they appeared in the Court of Common Pleas, the plaintiff-appellee as plaintiff, and the defendant-appellants as defendant Dunkel and defendant Kaufman.

The judgment was awarded against the defendants as damages for personal injuries sustained by the plaintiff as the result of being struck by a truck on January 3, 1950, brought about as claimed by the

plaintiff as the result of a collision of two automobiles at the intersection of Camp and West Jefferson Streets in Sandusky, Erie County, Ohio.

Camp Street, in that city, is an improved main thoroughfare extending in a northerly and southerly direction and is intersected on the easterly side by West Jefferson Street, which extends in an easterly and westerly direction and terminates at Camp Street. It is conceded that there was a "stop sign" located on the northerly side of West Jefferson Street at the approach to Camp Street.

The negligence charged by the plaintiff is that the defendant Dunkel operated an automobile from West Jefferson Street into such intersection, in violation of an ordinance of the city, without yielding the right of way, resulting in a collision with the automobile of Mildred L. Puglisi then being operated in a northerly direction on Camp Street, thereby causing a truck being operated by one Weske following the Puglisi automobile to be diverted from its course striking the plaintiff; and that the defendant Kaufman was negligent in having a large truck parked in violation of an ordinance of the city at the southeast corner of the intersection, which obstructed the view of the operators of the automobiles as they were approaching the intersection and thereby contributed to the causing of the collision and plaintiff's injuries.

The answer of the defendant Kaufman was a general denial of negligence. The answer of the defendant Dunkel was in substance that the Weske truck struck the plaintiff about two minutes after the collision, while plaintiff was walking near or standing in the street at the left rear of plaintiff's automobile then parked on the west side of Camp Street about 50 feet south from the place of the collision of the automobiles, and that any injuries suffered by plaintiff

were the result of plaintiff's own negligence in getting out of the automobile and walking on the travelled portion of the street without observing traffic and the negligence of Weske in operating the truck which struck plaintiff.

On the trial to a jury, at the conclusion of all the evidence, each defendant made a motion for a directed verdict, following which motions the plaintiff also made a motion for a directed verdict. Thereafter, the defendant Dunkel withdrew his motion for a directed verdict, which withdrawal was acknowledged by the court, following which the court arrested the case from the consideration of the jury and entered a judgment in favor of the plaintiff against both defendants.

Motions for judgment notwithstanding the findings of the court and for a new trial by each defendant were overruled.

The motion of the defendant Kaufman for a directed verdict followed by the motion of the plaintiff for a directed verdict was a submission of the issues between those parties to the court, and, in effect, both of those parties thereby requested the court to determine the issues without a jury.

In the case of *First National Bank* v. *Hayes & Sons,* 64 Ohio St., 100, 59 N. E., 893, the first paragraph of the syllabus is as follows:

"Where, at the conclusion of the evidence in a case, each party requests the court to instruct the jury to render a verdict in his favor, the parties thereby clothe the court with the functions of a jury, and where the party whose request is denied, does not thereupon request to go to the jury upon the facts, the verdict so rendered should not be set aside by a reviewing court, unless clearly against the weight of the evidence."

It appears from the evidence of the plaintiff, contained in the record, that at about 3 o'clock p. m. on January 3, 1950, the plaintiff parked an automobile headed in a southerly direction on the west side of Camp Street a short distance south from the intersection where the collision subsequently occurred, and at the time of the collision plaintiff was standing near the left rear end of the automobile intending to cross over Camp Street to the Blade Cafe, located on the opposite side of Camp Street at the southeast corner of the intersection, for the purpose of performing repair work on a cigarette machine; and that while standing in that position observing the street respecting traffic, plaintiff was struck by the Weske truck, resulting in the injuries of which plaintiff complained.

The testimony of Weske, the operator of the truck, is that his truck was following the Puglisi automobile at about 18 or 20 miles per hour and was to the rear of that automobile a distance of 150 feet when the collision occurred; that it was raining and the surface of Camp Street was wet and slippery; that he considered the situation presented an emergency; that to control his vehicle he applied and released the brakes and attempted to turn same; but that the truck skidded and was brought into collision with the plaintiff and the parked automobile.

The defendant Kaufman testified that the Kist truck was 24 feet in length, seven and one-half feet in width and seven feet, eight inches in height and that at the time of the collision such defendant had the truck parked on the east side of Camp Street next to the curb at the southeast corner of the intersection, with the forward end about three or four feet from the south curb of West Jefferson Street. There was testimony by other witnesses from which it might be found that the forward end of the truck was beyond the curb and projecting into the intersection.

Both operators of the automobiles involved in the collision testified that their views while approaching the intersection were obstructed by the parked truck, and it is clear from the undisputed physical facts that the truck was an obstruction to the views of both operators as they approached and entered the intersection. The pertinent provisions of the ordinance, prohibiting the parking of trucks, relied upon by plaintiff are as follows:

"(d) Within twenty-five feet of the curb of an intersecting street, or, if none, then within fifteen feet of the property line of said intersecting street, except at alleys.

"(e) On a cross-walk."

The violation of the provisions of the ordinance would amount to negligence per se. *Schell* v. *Dubois, Admr.*, 94 Ohio St., 93, 113 N. E., 664, L. R. A. 1917 A, 710; *Patton, Admx.*, v. *Pennsylvania Rd. Co.*, 136 Ohio St., 159, 24 N. E. (2d), 597.

While there was a conflict in the evidence respecting the time which elapsed between the instant of the impact of the collision of the automobiles and the striking of plaintiff by the truck, nevertheless, there was substantial evidence and testimony to the effect that the two occurrences were practically, if not altogether, simultaneous. In our view, the issue on that subject presented a question of fact.

Counsel for both defendants contend with forceful emphasis that under the evidence the plaintiff was guilty of contributory negligence as a matter of law for the reason that plaintiff did not undertake to cross Camp Street at a strip of walk referred to by counsel for defendants as being a crosswalk at the intersection, located a short distance north from plaintiff's parked car.

As we view the situation presented by the record, this contention of counsel for the defendants becomes

immaterial in view of plaintiff's testimony, if believed, that at the time plaintiff was struck the plaintiff was not in the act of crossing the street but was standing at the rear of the automobile observing traffic and considering the feasibility of crossing the street.

The issue of contributory negligence under such circumstances presented a question of fact in harmony with decisions of the Supreme and appellate courts in Ohio presenting analogous circumstances and conditions. *Standard Motor Sales* v. *Miller*, 30 Ohio App., 7, 164 N. E., 55; *Giglio* v. *Lasita,* 73 Ohio App., 207, 55 N. E. (2d), 666; *Mansperger* v. *Erhnfield*, 59 Ohio App., 74, 17 N. E. (2d), 271; *Glasco* v. *Mendelman,* 143 Ohio St., 649, 56 N. E. (2d), 210.

It is our conclusion also on consideration of all the evidence contained in the record that the question of proximate cause presented a question of fact to be determined under the established rules of law applicable to the determination of fact issues as announced by the Supreme and appellate courts of Ohio. *Glasco* v. *Mendelman, supra*; *Mudrich, a Minor,* v. *Standard Oil Co.,* 153 Ohio St., 31, 90 N. E. (2d), 859; *Gedeon, Admr.,* v. *East Ohio Gas Co.,* 128 Ohio St., 335, 190 N. E., 924; *Franz* v. *Levine,* 72 Ohio App., 280, 51 N. E. (2d), 219; *Blessing* v. *Welding,* 226 Iowa, 1178, 286 N. W., 436; *Rubin* v. *Rainbo Baking Co.,* 36 Ohio Law Abs., 476, 44 N. E. (2d), 483; *Yungbluth* v. *McDonald,* 35 Ohio Law Reporter, 403.

Therefore, the record in this case presents a situation where at the conclusion of the evidence the defendant Kaufman, by a motion for a directed verdict, in effect requested that the court weigh the evidence and determine the issues. The defendant Dunkel, in withdrawing a similar motion made prior to a motion by the plaintiff of a like character for a directed verdict, indicated an objection to a submission of the

issues of both fact and law to the court for final deter-mination.

We find, therefore, that since the record presented a conflict in the evidence on disputed issues of fact, as hereinbefore indicated, the court was without author-ity and committed prejudicial error in arresting the evidence from the consideration of the jury as related to the issues between plaintiff and defendant Dunkel and the judgment against Dunkel must be and is re-versed and the cause remanded to the Court of Com-mon Pleas for a new trial.

*First National Bank* v. *Hayes & Sons., supra*; *Sat-terthwaite* v. *Morgan, Jr.*, 141 Ohio St., 447, 48 N. E. (2d), 653; *Perkins* v. *Bd. of County Commrs. of Put-nam County*, 88 Ohio St., 495, 103 N. E., 377; *Nead* v. *Hershman*, 103 Ohio St., 12, 132 N. E., 19, 18 A. L. R., 1419; *Pittsburgh, Chicago & St. Louis Ry. Co.* v. *Luthy, Admr.*, 112 Ohio St., 321, 147 N. E., 336; *Steel-materials Corp.* v. *Stern*, 82 Ohio App., 89, 77 N. E. (2d), 272.

After a consideration of all the evidence contained in the record, together with the assignments of error presented by the defendant Kaufman, we find no error prejudicial to Kaufman and the judgment as to him is hereby affirmed.

*Judgment accordingly.*

FESS and CONN, JJ., concur.